[No. 1346.    February 4, 1911.]

## ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant, v. CITIZENS TRACTION AND POWER COMPANY, Appellee.

### SYLLABUS.

1.    Under the facts of the case, it was perfectly proper for the court to issue a mandatory injunction commanding the appellant to restore the status quo, but the court could not enjoin the appellant from interfering with the appellee in the laying of its tracks across appellant's railroad, save by agreement between the parties, or, upon application and determination by the court of the manner and place of crossing.

2.    The remedy for an erroneous refusal of an appeal or supersedeas is by mandamus and not by error.

3.    Even though the prayer for damages is in a specific sum, the court may look to the complaint itself to determine upon what the claim for damages is based.

4.    Counsel fees, as a mere element in determining the amount of damages, should not be taken into consideration, whether the action is one ex contractu or ex delicto.

5.    Counsel fees may not be recovered, as an element of damage, by the plaintiff, where he is compelled to institute injunction proceedings to protect some right which he has, and which is being violated by a defendant.

Appeal from the District Court for Bernalillo County, before MERRIT C. MECHEM, Associate Justice.    Reversed.

R. E. TWITCHELL and E. W. DOBSON for Appellant.

The manner and method of crossing the railway company's tracks, under the provisions of the statute, was a proper subject for the consideration and determination of the court. Central Pass. Ry. Co. v. Phila. Ry. Co., 52 Atl. 752; Mayor, etc. v. Cowen, 41 Atl. 900; Railroad Co. v. City of Milwaukee, 72 N. W. 1118; K. C. etc. Rd. Co. v. Jackson Co. Comrs., 26 Pac. 394; Railroad Co. v. N. Y. L. E. & W. Rd. Co., 72 Hun. 587; Laws 1882, N. Y., chap. 676, art. 1, sec. 12; People's Railroad Co. of Syracuse v. Syracuse, 22 Abb., N. C. 427; C. L. 1897, secs. 3804-3925, 3849, et seq., 3847, sub-div. 6.

The court erred in allowing counsel fees to appellee taxed as costs. C. L. 3148-3159; Price v. Garland, 5 N. M. 98; Coggill v. Lawrence, 2 Blatchf. 304; Dedekam v. Vose, 3 Blatchf. 153; Davis v. State, 33 Ga. 531; 5 Enc. P. & P. 110, 115, note 1; Williams v. MacDougal, 39 Cal. 80; Constant v. Matteson, 22 Ill. 546; Otoe Co. v. Brown, 16 Neb. 394; Blake v. Blake, 13 Iowa 40; Newel v. Sanford, 13 Iowa 463; Melancon v. Robichaud, 2 Martin, La. 242; Eimer v. Eimer, 47 Ill. 373; Strawn v. Strawn, 46 Ill. 412; Arcambel v. Wiseman, 3 Dallas 306; Oelrichs v. Spain, 15 Wallace 211; Williamson v. Williamson, 58 Ky., 1 Metc. 303; Stringfield v. Hirsch, 29 S. W. 609.

When the discretionary power is limited to certain cases the court is precluded from exercising discretionary power in all other cases. Laws 37 Leg. Assembly, chap. 57, secs. 16-18; 2 Cyc. 914; Mark v. Superior Ct., 129 Cal. 1; Elliott v. Whitmore, 37 Pac. 459; Mining Co. v. Fremont, 7 Cal. 130; Foster v. Superior Court, 47 Pac. 58; 2 High on Injunctions, sec. 1698a; Dewey v. Superior Court, 22 Pac. 333; Code Civil Proc., Cal., sec. 949.

ISAAC BARTH and MANN & VENABLE for Appellee.

Lower court properly dissolved temporary injunction because appellant had no rights which were being violated. Pensacola R. Co. v. Sprat, 91 Am. Dec. 747; McGinnis v. Freedman, 17 Pac. 635; Cyc. 756; People v. General

C. R. Co., Ill., 50 N. E. 158; Canover v. Ruckman, 32 N. J. Eq. 685; Saules v. Freedman, 24 Fla. 209; Chi. & Calumet R. Co. v. Whiting & Chi. St. R. Co., 26 L. R. A. 337; C. B. & Q. R. Co. v. West Chi. I. R. Co., 29 L. R. A. 485; Morris & E. R. Co. v. Newark Pass. R. Co., 51 N. J. Eq. 379; Old Colony R. Co. v. Rockland St. R. Co., 161 Mass. 416; A. T. & S. F. Ry Co. v. General Electric Co., 50 C. C. A. 424, 112 Fed. 689; Pa. Co. v. Lake Erie R. Co., 176 Fed 446; General Electric R. Co., 184 Ill. 588; West Jersey R. Co. v. Camden R. Co., 52 N. J. Eq. 31; S. E. & St. L. R. R. Co. v. Evansville & Mt. Ver. Co., 13 L. R. A., N. S. 918

The court had no authority to fix and determine the manner and method of the crossing of the tracks of the apellant by the tracks of the apellee. C. L. 1897, secs. 3804-3905; Laws 1905, chap. 79; Front St. Cable R. Co. v. Johnson, 11 L. R. A. 693; State v. Duluth St. R. Co., 57 L. R. A. 63; Massillon Bridge Co. v. Cambria Iron Co., 52 N E. 192; 36 Cyc. 1349, note 37; Chi., Calumet Terminal R. Co. v. Whiting Hammond E. Chi. I. R. Co., 26 L. R. A. 337; C. B. Q. R. Co. v. W. Chi. I. R. Co., 29 L. R. A. 485; N. Y., N. H. & Hartford Co. v. Bridgeport Traction Co., 92 L. R. A. 367.

It was proper for the court to allow attorney's fees upon dissolution of the injunction. 22 Cyc. 1006; Chi. Door Co. v. Parks, 79 Ill. App. 679; Bank of Broken Bow v. Freeman, 87 Ill. App. 622; Jamison v. Houston, 21 So. 972, 74 Miss. 890; Kelly & Co. v. Meade, 101 N. W. 882, aff. 105 N. W. 736.

In order to avoid a multiplicity of suits and dispose of the entire matter at once, equity may in addition to an injunction, decree the defendant pay damages to complainant for all past injury. 22 Cyc. 967; Mogollon v. Stout, 14 N. M. 245; Jewelers Mercantile Agency v. Rothschild, 6 N. Y. App. Div. 499; 39 N. Y. Supp. 700; Ludeling v. Garrett, 50 La. Ann. 118.

The trial court was right in refusing a supersedeas as to the mandatory part of the injunction. Chavez v. Lucero, 13 N. M. 368; Haverman Mfg. Co., 147 U. S.

525; Safford v. King, 90 Fed. 136; Gutierrez v. Territory, 13 N. M. 30.

## STATEMENT OF FACTS.

The Atchison, Topeka and Santa Fe Railway Company is a Kansas corporation authorized to do business in New Mexico, and as the successor in interest of the New Mexico and Southern Pacific Railway Company, operated a steam railroad through the city of Albuquerque, New Mexico, and for more than twenty years has operated its trains on tracks passing through the city of Albuquerque, which tracks cross the street in said city known as Tijeras road, a public street in said city. The appellee, the Citizens Traction and Power Company, is a New Mexico corporation organized under the laws of the territory for the purpose of operating a street railway in the city of Albuquerque, and had a franchise from the city authorizing it to construct, operate and maintain a street railway, operated by electricity or other power which might be an improvement thereon, upon all the streets in said city not occupied by a street railway company. By virtue of said franchise, the Citizens Traction and Power Company proceeded to lay its tracks upon and along Tijeras road, and had ordered and had especially made for the crossing of the tracks of the appellant, certain steel crossings, and had notified appellant of its action. When the appellee was about to lay its tracks across those of the appellant, the appellant filed its bill in the district court, asking that an injunction be issued restraining the appellee from constructing its proposed street-car tracks across the appellant's tracks at said Tijeras road until the place and manner of said crossing had been determined and fixed by the district court, in accordance with section 13, chapter 97, of the Session Laws of the Thirty-Sixth Legislative Assembly of the Territory of New Mexico. A temporary writ issued and appellee appeared and filed a demurrer and motion to dismiss, which were heard by the court, and, upon intimation by the court that the demurrer would be sustained, appellant asked twenty-four hours in which to file an amended bill, which

request was granted. During the twenty-four hours allowed for filing the amended bill, appellant had changed the location of its tracks in such manner as to render useless the crossing which appellee had constructed for use in crossing the tracks of appellant. Appellee, thereupon, filed its bill against appellant, praying that appellant be enjoined from interfering with it in the construction of its crossing, and asked that a mandatory order be made by the court requiring the appellant to replace its tracks and switches at the crossing of Tijeras road, in their former condition, and alleged that it had been required to expend four hundred dollars attorney fees and fifty dollars in preparing maps and exhibits, and asked damages for four hundred and fifty dollars. The appellant answered, and appellee moved for judgment on the pleadings. The court granted the motion and entered its final decree requiring the appellant to replace its tracks and switches at the crossing of Tijeras road within twenty-four hours from the signing of the decree, in the same manner and condition as said tracks existed on the 21st day of June, 1910, before the same were changed, and that the apellee, within forty-eight hours after the completion of the said tracks by appellant, should place its crossings across the tracks and switches of appellant. Appellant was further enjoined from interfering with the appellee in the placing of its crossing across its tracks at Tijeras road, and it was further ordered and decreed that appellant pay to the appellee four hundred and fifty dollars damages, and its costs. Appellant appealed from the order and judgment entered.

## OPINION OF THE COURT.

ROBERTS, J.—The main question at issue in this case has been decided adversely to the appellee in case No. 1345, Atchison, Topeka and Santa Fe Railway Company v. Citizens Traction and Power Company, decided at the present terms of this court. It is unnecessary to review in this case the law involved, as a reference to the case named will fully disclose the reasons for the holding.

The lower court, in the original action instituted by the appellant, having construed section 13, of chapter 97, of the Acts of 1905, as not applying to the crossing of the tracks of a steam railroad by the tracks of an electric railway, operating under a franchise from the city council, dissolved the injunction; or, having intimated that such would be the action of the court, it was highly improper for the appellant, under the guise of desiring the time to file an amended complaint, to take advantage of the appellee, and so change its tracks at the proposed point of crossing as to obviate the force and effect of the decision of the lower court. Having done so, it was perfectly proper for the court to issue a mandatory injunction commanding the appellant to restore the status quo, and, if the order had gone no further, the action of the lower court would have been proper, even under the decision of this court in the case of Atchison, Topeka and Santa Fe Railway Company v. Citizens Traction and Power Company, No. 1345; but, the court enjoined the appellant from, in any manner, interfering with the appellee in the laying of its tracks across appellant's railroad. This, we have held, appellee had no right to do, save by agreement between the parties, or, upon application and determination by the court of the manner and place of crossing.

The only additional errors assigned which need to be considered by the court are the fourth and fifth, which are as follows: "4th. The court erred in entering judgment against the appellant for costs, including costs for attorney's fees, in the amount named in the judgment, or in any other amount." "5th. The court erred in refusing to allow a supersedeas to appellant in-so-far as the mandatory part of the injunction is concerned." The fifth assignment of error is disposed of adversely to the contention of appellant, by the opinion of this court in the case of Thomas C. Gutierrez v. The Territory of New Mexico ex rel Y. J. Curran et al., 13 N. M. 30. The court there held that the remedy for an erroneous refusal of an appeal for supersedeas, is by mandamus, and not by error, citing a great many authorities to sustain

the doctrine. Consequently, on this appeal, the fifth ground of error will not be considered.

The fourth ground of error presents more difficulties. The appellee, in its complaint, based its sole claim for damage upon the money which it was required to expend for attorney's fees and in preparing maps and exhibits. While, it is true, the prayer in the complaint is for damages in the sum of four hundred and fifty dollars generally, yet we must look to the complaint itself to determine upon what the claim for damages is based. Kingston v. Walters, 14 N. M. 368. The question, therefore, presents itself, as to whether or not attorneys fees can be awarded the plaintiff, either as costs or damages, in an action of this nature. In the case of Day v. Woodworth, 13 How. 362, which was an action in tort, the lower court instructed the jury as follows: "That, if they should find for the plaintiff on the first ground, viz: That the defendant had taken down more of the dam than was necessary to relieve the mills above, unless such excess was wanton and malicious, then, the jury would allow in damage the cost of replacing such excess, and compensation for any delay or damage occasioned by such excess, *and not anything for counsel fees or extra . compensation to engineer."* This instruction was excepted to, one of the grounds being, that the court should have instructed the jury to include in their verdict for the plaintiff, not only the actual damages suffered, but his counsel fees and other expenses incurred in prosecuting the suit. The court held, that the instruction was proper, and, in passing on the question, said: "If the jury may, if they see fit, allow counsel fees and expenses as a part of the actual damages incurred by the plaintiff, and then the court add legal costs de incremento, the defendants may be truly said to be in misericordia, being at the mercy, both of court and jury. Neither the common law nor the statute law of any state, so far as we are informed, has invested the jury with this power or privilege. It has been sometimes exercised by the permission of courts, but its results have not been such as to recommend it for general adoption, either by the courts or the legislature." In Oelrichs

v. Spain, 82 U. S. 211, the court held that counsel fees
were not recoverable on an injunction bond.

While there is some conflict of the authorities, the
general rule, supported by the greater number of cases,
undeniably is, that counsel fees, as a mere element in
4    determining the amount of damages, should not be
taken into consideration, whether the action is one
ex contractu or ex delicto.    In Howell v. Scroggins, 48
Calif. 356, the court below had instructed the jury, that
they were not limited, in assessing damages, to mere com-
pensation, but might give exemplary damages, and could
take into consideration the plaintiff's expenses in prosecut-
ing the suit.    The appellate court, after a review of the
cases, reversed the judgment, and, in doing so, said: "The
damages found by the jury were not excessive, but, if we
could feel at liberty to disregard the court below or were
satisfied that it did not influence the action of the jury,
we should affirm the judgment."    The doctrine of this case
was reaffirmed as to the disallowance of counsel fees as
element of damages, in an action of trespass in the
case of Falk v. Waterman, 49 Cal. 224.    In the case of
Earl v. Tuppen, 15 Vt. 275, the court, through Whittier, J.,
said: "The great weight of authority seems to be opposed
to the allowance of counsel fees and other expenses of
litigation beyond taxable costs as an element of damages
even in cases where exemplary damages are proper." See,
also, Hogley v. Watson, 45 Vt. 289; Kelly v. Rogers, 21
Minn. 146; Fairbanks v. Whitter, 18 Wis. 301.    See, also,
Reggio v. Breggiotti, 7 Cush. 166, where it is said: "But
the counsel fees cannot be allowed.    These are expenses
incurred by the party for his own satisfaction, and they
vary so much with the character and distinction of counsel
that it would be dangerous to permit him to impose such
a charge upon his opponent, and the law measures the ex-
penses incurred in the management of a suit by the tax-
able costs."    This court held in Dame v. Cochiti Reduc-
tion and Improvement Company, 13 N. M. 10, that, "In
the absence of any allegation and proof of an agreement
to pay counsel fees, such fees cannot, unless specially pro-
vided for by statute, be awarded as costs or otherwise."

We believe it would be establishing a bad precedent to say that counsel fees may be recovered, as an element of damage by the plaintiff, where he is compelled to institute injunction proceedings to protect some right which he has, and which is being violated by a defendant. It might have been possible for the appellee to have cited the appellant for contempt of court; and, under the rule laid down by this court in Costilla Land and Investment Co. v. Allen, 15 N. M. 528, the court, perhaps, might have imposed a fine, and directed that the same be paid to the appellee by way of reimbursement. Under the greater weight of authority, it is apparent that the court erred in awarding damages, based solely upon the expense incurred by appellee for counsel fees and preparation for the hearing. For the reasons above stated this cause is reversed.

Frank W. Parker, A. J., and Edward R. Wright, A. J., concur in the result.