[No. 1443, March.23, 1912.]

JAMES W. RICE, Appellant, v. EUGENE F. HARDWICK, Appellee.

SYLLABUS (BY THE COURT.)

1. A promise, although in form to pay the debt of another, and although its performance may incidentally have the effect to extinguish the liability, is not within the statute of frauds if the main purpose and object is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself or damage to the other contracting party.

2. Evidence examined and held to show sufficient consideration for the contract.

Appeal from the District Court of Chaves County, before WILLIAM H. POPE, Chief Justice.

J. B. ATKESON, for Appellant.

Collateral promise within the statute of frauds. Benjamin on Contracts, 73; Beach on Contracts, 505; Cyc. vol. 20, p. 188; Davis v. Patrick, 141 U. S. 488; Bixby v. Church, 42 Pac. 613; Deegan v. Conzelmann, 31 Mo. 424; Farmer's etc. Bank v. Spear, 156 Ill. 555; 41 N. E. 164.

An original promise must be supported by a valuable consideration. Benjamin on Contracts, 31; Beach on Contracts, sec. 4; Kingley v. Balcome, 4 Barb. 131; Chandler v. Davidson, 6 Blackf. 367.

ED. S. GIBBANY and WALTER A. JONES, for Appellee.

The question of whether the promise is an original undertaking or collateral is a matter of fact to be found by a jury, or, by the Court, sitting as a jury, 29 Am. & Eng. Ency. Law, 2nd ed. p. 906, note 6; Calahan v. Ward, 26 Pac. 53; Burkhalter v. Farmer, 5 Kas. 477; Harris v. Frank, 81 Calif. 287; Wagner v. Hallack, 3 Colo. 186; Glenn v. Lehnan, 54 Mo. 45; Sewer Pipe Co. v. Smith, 36 Mo. App. 620; Cowdin v. Gottgetreu, 55 N. Y. 650.

Findings of fact by the Court sitting as a jury will not be disturbed if supported by substantial evidence. Richardson v. Pierce, 14 N. M. 334; Eagle Mining Co. v. Hamilton, 14 N. M. 271; Hancock v. Beasley, 14 N. M. 239; Candelaria v. Miera, 13 N. M. 360; Ortiz v. Bank, 12 N. M. 519; Marquez v. Land Grant Co., 12 N. M. 445; Carpenter v. Lindauer, 12 N. M. 388; Rush v. Fletcher, 11 N. M. 555; Romero v. Coleman, 11 N. M. 553; Gale & Farr v. Salis, 9 N. M. 211.

A promise, although in form to pay the debt of another, is not within the statute of frauds if the main purpose and object of the promiser is not to answer for another Emerson v. Slater, 22 How. 28; Storm v. United States, 94 U. S. 83; Davis v. Patrick, 141 U. S. 488; Fiske v. Raser, 34 Pac. 572; Gibson Co. v. Cincinnati Co., 12 L. R. A. 505; Chicora Fert. Co. v. Duncan, 50 L. R. A. 405.; Rose v. Wallenberg, 39 L. R. A. 383; Gagen v. Stevens, 9 Pac 706; Ivenson v. Caldwell, 27 Pac. 563; Oldenberg v. Dorsey, 5 Am. & Eng. Ann. Cases, 841; Joseph v. Smith, 42

Am. St. 571; Smith v. Delany, 42 Am. St. 181; Silsby
v. Frost, 17 Pac. 887; Calahan v. Ward, 26 Pac. 53; note
9 Am. & Eng. Ann. Cases, 895.

On motion for rehearing.

J. B. ATKESON, RENEHAN & WRIGHT, for Appellant.

Not a collateral but an original promise. Emerson v.
Slater, 22 How. 28; Davis v. Patrick, 141 U. S. 488.

The person for whose benefit the promise is made must
not be regarded by the plaintiff as a debtor. His position
must be such that he could not be held liable were an action
brought against him for the debt. Price v. Chicago, etc.,
R. Co., 40 Mo. App. 189; Buckmyr v. Darnell, 2 L. D.
Raym. 1085; 1 Salk. 27; Walker v. Irwin, 9 Ia. 448.

It is conceded that the rule of law announced in Emer-
son v. Slater supra, is a well recognized exception to the
provision of the 4th sec. of stat. 29, chap, 11. Small v.
Schaefer, 24 Md. 143; Clay v. Walton, 9 Cal. 329; Nelson
v. Boynton, 3 Metcalf 396; Alger v. Scoville, 1 Gray 391;
Lemon v. Box, 20 Tex. 329; Doyle v. White, 26 Me. 341;
Morrisey v. Kinzie, 19 N. W. 454; Clapp v. Webb, 52 Wis.
638; Bailey v. Marshall, 174 Pa. St. 602.

## STATEMENT OF FACTS.

This is an action of assumpsit, instituted in the court
below by the appellee, to recover from appellant the sum of
$1,000.00. The material facts, alleged in the amended
complaint, and established by the evidence are substantially
as follows:

Appellee was the owner of a well drilling outfit, which
he was desirous of selling; Fox & Disney were well drillers,
but did not own a well drilling outfit; they had no money
or credit, with which to purchase such machinery. Appel-
lant was the owner of considerable land, within the arte-
sian belt, in the Pecos Valley. Fox & Disney had drilled
one well for him and he was anxious to have another well
drilled on his farm, so that he could reduce more land to
cultivation; he did not have the cash to pay down for the
drilling of a well, and proposed to Fox & Disney that he

would let them drill the second well for him if they could carry his note for $1,000.00 for a year, at 10 per cent interest, or if they would procure other parties, who would carry said note. Fox approached appellee with a proposition to purchase his well drilling machinery. Appellee offered to sell to Fox & Disney for $500.00 cash and balance on deferred payments. Fox told him of the proposition made by appellant, and asked if he would accept appellant's note for $1,000.00 due in one year, as a first payment on the machinery. Appellee agreed to do so, provided appellant would promise him to execute said note. Appellee and Fox then went to appellant, and appellant agreed with appellee, that if he would sell his well drilling machinery to Fox & Disney, that he would contract with them to drill a well for him, and that he would execute to appellee his note for $1,000.00 bearing 10 per cent interest, payable one year after date, as soon as the well had been sunk to a depth of 1,000 feet. Thereupon appellee sold the well drilling machinery to Fox & Disney for $2,500.00 and they executed to him a promissory note and chattel mortgage to secure same; Fox & Disney then entered into a written contract with appellant Rice, to drill the well for him, and proceeded to and did drill the same to a depth of more than 1,000 feet. When the well was drilled to a depth of 1,000 feet appellee demanded of appellant that he execute his note for $1,000.00 according to the agreement, which appellant refused to do, assigning as the reason therefor, that he had already paid Fox & Disney more than the contract price for the drilling of the well. From the testimony it appears that Fox & Disney did not have the money to pay the current expense of operating the machinery, buying coal, etc., and Rice had advanced the money therefor. Owing to the fact that it required much longer to drill the well than had been anticipated, the expense amounted to more than the contract price and there was no surplus remaining. It appears that Rice expected, at the time he made the agreement with appellee, that there would be a surplus of more than $1,500.00 remaining above the expense, when the well was completed, but he

made no reservation and imposed no conditions upon the promise made to appellee, save that the note was not to be executed until the well had been drilled to the depth of 1,000 feet. The defense relied upon was that the promise was to answer for the debt of Fox & Disney, and was not in writing, signed by Rice, and therefore could not be enforced. The cause was tried by the court, a jury having been waived, and the issues were formed for the plaintiff, and judgment was rendered against the appellant for $1,000.00 and costs, from which judgment this appeal is prosecuted.

### OPINION OF THE COURT.

ROBERTS, C. J.—There is no dispute as to the facts in this case, as there was no conflict in the testimony, so the only question for determination is, whether the facts proven, and as found by the Court, establishes an original undertaking on the part of appellant Rice, to execute his promissory note to the appellee, Hardwick, when Fox & Disney had drilled a well for him to the depth of 1,000 feet. Appellant contends that the promise was collateral, therefore within the statute of frauds, and unenforcible.

Appellant, on the witness stand admitted that he agreed to execute his note to appellee, when Fox & Disney had drilled the well to the depth of 1,000 feet, and that he did not impose any conditions whatever upon the promise. He says he understood however, that it was to be paid out of the surplus coming to Fox & Disney upon the well contract, but did not so state to Hardwick. Courts can not relieve men from improvident contracts, entered into by them, in the absence of fraud or imposition. Rice could have fully protected himself by imposing conditions and stipulations, but did not see fit to do so. The evidence abundantly established the fact that Hardwick would not have sold the machinery to Fox & Disney, had it not been for the undertaking or promise on the part of Rice.

Appellant argues that there was no consideration to support the promises, and therefore it is unenforcible. The

lower court found that Rice did not have the money to
pay cash for drilling the well, and that it was necessary
that a part of the contract price be carried; that he there-
fore advised Mr. Fox, that if he could find some one who
would join in the drilling of the well, so that part of the
note could be carried for a year, that he would join in
with him in making the three cornered arrangement by
which the well was to be drilled by Fox & Disney. Mr.
Rice was to pay for it, but a substantial part of it was to be
carried for a year. The consideration was the carrying of
the note for $1,000.00 for a year, thereby enabling Mr.
Rice to get the well drilled at once. Certainly the main
purpose and object, which moved Mr. Rice to enter into
the arrangement he did, was the willingness on the part
of Hardwick to carry his note for a year. He could have
had no other object in view. This being true the promise
comes within the rule laid down in Emerson vs. Slater, 22
How. 28:

"A promise, although in form to pay the debt of another,
and although its performance may incidentally have the
effect to extinguish that liability, is not within the statute
of frauds if the main purpose and object is not to
answer for another, but to subserve some pecuniary or
business purpose of his own, involving either a benefit
to himself or damage to the other contracting party. See
also Stern v. U. S. 94 U. S. 83; Davis v. Patrick, 141 U.
S. 488.

Finding no error in the record the judgment of the lower
court is affirmed.

On motion for rehearing.

### OPINION OF THE COURT.

PER CURIAM: A motion for rehearing has been
filed and brief presented by counsel, who did not appear
for the appellant in the original hearing, now urging for
our consideration that the amended complaint fails to state
facts sufficient to constitute a cause of action, and that
there is a variance between the findings of the trial court
and said complaint.

Rice v. Hardwick, 17 N. M. 73.

Neither of the points were called to the attention of the court in the brief of appellant, or his assignments of error, nor urged upon the original hearing, for which reasons they will not now be considered.

Upon the original hearing of a cause the parties must present to the court all the points upon which they rely, and this court will not consider, upon a motion for rehearing, any alleged error presented for the first time.

As said by the Supreme Court of California in the case of San Francisco v. Pacific Bank, 89 Cal. 23.

"When counsel have once argued and submitted a cause for the decision of the court, it must be presumed they have presented all the reasons upon which they rely for an affirmance or a reversal of the judgment. The court will not consider a petition for a rehearing that attempts to discuss the case upon the grounds which were not presented in the original argument or discussed in its opinion."

And Judge Brewer said, in the case of Headly v. Callis, 15 Kan. 602:

"A party may not settle the law of his case by piece meal before this court, any more than he may settle the facts in that way before the District Court. When the case is tried he must be prepared to present his entire claim or his entire defense." See also, 2 Encl. Pl. & Pr. 386, and 3 Cyc. 214. Therefore these points will not be considered.

It is next contended by appellant that the liability on an oral promise with reference to transactions for the benefit of a third person is always tested by inquiring to whom the sole credit was given. That if any credit whatever is given to a third person, so that he is in any degree liable, the oral promise is not valid. This view of the question, urged by appellant, is supported by many decisions of appellate courts, but the oral promises referred to by these authorities are those upon which it is sought to make the promisor separately liable. Whether the promise is purely collateral in terms rather than original, is of prime importance in approaching this question.

It is our view of this case that the promise of appellant

was original and arising by reason of the benefits inuring
to him. This being the case the authorities cited by appel-
lant are inapplicable. The case of Buckmeyer v. Darnall,
2 Ld. Raym. 1085, cited by appellant, applies only to a col-
lateral promise made at the same time as the original prom-
ise. We are not without authority for our view of this
question and without multiplying authorities would refer
to Farley v. Cleveland, 4 Cowen 432, 15 Am. Dec. 387,
where the court, after weighing numerous authorities, said:
"In all these cases, founded upon a new and original con-
sideration of benefit to the defendant, or harm to the
plaintiff, moving to the party making the promise, either
from the plaintiff, or the original debtor, the subsisting lia-
bility of the original debtor is no objection to the recovery."

An examination of the record in this case discloses that
appellant in his redirect examination (p. 54 Rec.) testified
that he didn't have the full amount to pay for the well and
that appellee would take his note for a thousand dollars
which would be the thousand he owed Fox. He denied all
knowledge of the alleged fact, that appellee would not sell
the rig unless he agreed to pay appellee a thousand dollars.
It does not appear that appellant agreed to pay all, or any
portion, of the original debt due from Fox and Disney
to appellee, but does appear that appellant admitted that he
promised to give appellee his note for a thousand dollars
when the well was a thousand feet deep. So far as this
record discloses, this promise was independent of any de-
fault, or debt, of either Fox or Disney and it clearly as-
sumes all the aspects of an original promise.

In the case of Clapp vs. Webb, 52 Wis. 638, cited, by
appellant, it was held that the mere fact that an advantage
might incidentally result to the promisor from his oral
promise to pay the debt of another, is not sufficient to take
it out of the statute of frauds, but there must be other evi-
dence that such advantage was the object, or consideration,
of the promise. Other cases are cited of similar import.
We refer to this case because it illustrates our view of the
present case. We cannot find that appellant was concerned,
in any way, with the business interest, welfare or debt of

the alleged original debtors, but he sought only to sub-
serve his personal interest and advantage in gaining a
credit, and a personal benefit by securing a well upon his
individual property.

This leaves but the one question, urged by appellant,
viz.: That the agreement on the part of appellee was con-
tingent upon the performance by Fox and Disney of their
contract to drill the well to a depth of at least one thou-
sand feet. If this court held that the promise of appellee
was collateral this question would be a serious one indeed,
but the promise of Rice, appellee, being an original promise
we need not further discuss this last question. For the
foregoing reasons the motion is denied.

