In re Marron & Wood, 22 N. M., 501.

The judgment of the trial court is therefore affirmed, and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

[No. 1961.   May 19, 1917.]
In re MARRON & WOOD.

SYLABUS BY THE COURT.

Costs are the creatures of statute, and in the absence of statute authorizing the taxation of costs none can be taxed in disbarment proceedings.   Held, that section 4282, Code 1915, does not authorize taxation of costs in disbarment proceedings.

On motion to retax costs.   Motion granted.

For former opinion, see 22 N. M. 252, 160 Pac. 391.

Harry S. Bowman, Assistant Attorney General for the State.   A. B. Renehan and D. K. Sadler, both of Santa Fe, for respondents.

HANNA, C. J.   The respondents have filed a motion in this case to retax the costs, on the theory that the taxation of costs against them by the clerk was without authority of law.   In 6 C. J. 613, it is said:

"In the absence of statute giving costs in such cases (disbarment), the general rule is that none can be recovered by either party."

In 2 Thornton on Attorneys at Law, § 895, it is said that costs are the creatures of statute, and the general rule is that none can be recovered in disbarment cases, in the absence of statutory authority therefor.   See, also, 4 Cyc. 917, and cases cited in each of the foregoing authorities.

The only statute in this state which could be claimed as authority for the taxation of costs against the respondents is section 4282, Code 1915, which reads as follows:

"For all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law."

An act of the Legislature of 1917, dealing with the taxation of costs in disbarment cases, need not be considered, because this motion was filed before that act was passed. Section 4282, quoted supra, was originally section 1 of article "Costs" in the Kearney Code, and has been carried into the Code of 1915 as it was originally adopted. The statute is an exact duplicate of one in Missouri, which in turn was no doubt copied from Massachusetts. An investigation of the cases in those states fails to disclose any case wherein the statute was applied to disbarment cases. Whether the rule of ejusdem generis should be applied to the statute of this state, or whether disbarment proceedings are civil in their nature, we do not deem it necessary to decide. We are satisfied that the statute did not contemplate actions other than the ordinary and usual ones, where a matter is being litigated by two antagonistic parties. And this conclusion is not affected by the fact that perhaps it may be true that the state is a party to disbarment cases. The proceeding is special and does not fall within the terms of the statute.

We are therefore of the opinion that the taxation of costs against the respondent was erroneous, and the motion to retax the costs will therefore be granted; and it is so ordered.

PARKER and ROBERTS, JJ., concur.

[No. 1902. December 30, 1916.]
[Rehearing Denied May 10, 1917. ]