Pace v. Springer, 23, N. M., 586

Milton J. Helmick, Asst. Atty. Gen., for the State. W. C. Reid, C. M. Botts, and George S. Downer, all of Albuquerque, for appellee.

---

(No. 1984.    January 14, 1918.)

## PACE v. SPRINGER.

(Rehearing Denied February 23, 1918.)

### SYLLABUS BY THE COURT.

1. One may avoid the obligation of a parol agreement by reason of the statute of frauds (where the petition fails to show whether it is in writing or not) by setting up the statute by some proper pleading, or he may claim the benefit of the statute under a general denial.         P. 589

2. An original promise, without the statute of frauds, is one in which the direct and leading object of the promisor is to further or promote some purpose or interest of his own, although the incidental effect may be the payment of the debt of another.         P. 591

Appeal from District Court, Colfax County; Leib, Judge.

A. C. Voorhees, of Raton, for appellant.

It is well settled that a promise to pay the debt of

another in consideration merely of forbearance by the creditor to sue the original debtor or to make an attachment or levy an execution without any new or original consideration moving to the promisor and beneficial to him is within the statute of frauds and must be in writing.

Statute of frauds must be pleaded. Fraser v. State Savings Bank, 18 N. M., p. 357, 137 Pac. 592; Strouse v. Etting, 110 Ala. 132; St. Louis, etc. Ry. v. Hall, 74 S. W. 293; Gwynn v. McCauley, 32 Ark. 97; Baldwin v. Central Savings Bank, 17 Cal. 7, 67 Pac. 1091; Koenig v. Dohen, 212 Ill. 468; Tynon v. Despain, 22 Colo. 240; Baldwin v. Central Savings Bank, 67 Pac. 179-180; 20 Cyc. 314; Hunter v. Randall, 62 Me. 423, 16 Am. R. 490; Boston Ditch Co. v. Dewey, 6 Gray (Mass.) 446; Blard v. Convers, 84 Ill. 512; Adams, etc., Co. v. Westlake, 92 Ill. App. 616.

As to validity of parol promise to pay debt of another, see: Fullam v. Adams, 37 Vt. 401; Dock V. Boyd & Co. 93 Pa. 94; Silsby v. Frost, 17 Pac. 889; Baldwin Coal Co. v. Davis, 62 Pac. 1043; Calkins v. Chandler, 36 Mich. 320; Hamill v. Hall, 4 Colo. App. 296, 35 Pac. 927.

. Charles A. Spiess, of E. Las Vegas, for appellee .

Statute of frauds is in force in New Mexico. Childers v. Talbott, 4 N. M. 336.

As to validity of oral promise, see: 20 Cyc. 162; 164; Waggoner v. Hallack, 3 Colo. 176; Dee v. Downs, 11 N. M. 2; 20 Cyc. pp 165-166; Walker v. Irwin, 62 N. W. 785; Barry vs. Law, 89 Fed. 582.

And a promise to pay the debt of another merely in consideration of forbearance by the creditor to enforce a lien against the original debtor will not be enforced if such forbearance does not inure to the benefit of the promisor, and the original debtor remains liable although during the period for which plaintiff agreed to forbear the time for filing a lien expires. Clark v. Jones, 85 Ala. 127; Hahn v. Maxwell, 33 Ill. App. 261; Parker v. Dillingham, 129 Ind. 542, 29 N. E. 23; Stewart v. Campbell, 58 Me. 439; Ames v. Foster, 106 Mass. 400.

Whenever plaintiff declares generally on a contract within the scope of the statute of frauds without alleging whether or not the contract is in writing he may obtain the benefit of the statute at the trial under a general denial denying the contract . Trapnall v. Brown, 19 Ark. 39; Heney v. Howard, 79 Cal. 525, 21 Pac. 984; Salamon v. McRae, 47 Pac. 409; Ruggles v. Gatton, 50 Ill. 412; Suman v. Springate, 67 Ind. 115; Hecker v. Gentry, 3 Metc. 463, Ky.; Billingslea v. Ward, 33 Md. 48; Reid v. Stevens, 120 Mass. 209; New York v. Steele, 129 Mich. 434, 88 N. W. 1050; Bean v. Lamprey, 82 Minn. 320, 84 N. W. 1016; Hillman v. Allen, 145 Mo. 638, 47 S. W. 509; Ryan v. Dumphy, 4 Mont. 342, 1 Pac. 710; Powder River L. S. Co. v. Lamb, 38 Neb. 339, 56 N. W. 1019; Busick v. Van Nese, 44 N. J. Eq. 82, 12 Atl. 609; Unglish v. Marvin, 128 N. Y. 380, 28 N. E. 634; Browning v. Marvin, 107 N. C. 231, 12 S. E. 195; Burchell v. Neaster, 36 Ohio St. 331; Johnson v. Flint, 75 Tex. 379; Chickering v. Brooks, 61 Vt. 554, 18 Atl. 144; Rowton v. Rowton, 1st Hen. & M. 92, Va.

20 Cyc., p. 192; Clark v. Jones, 85 Ala. 127; Maxwell v. Dell, 11 Colo. 415, 18 Pac. 561; Dillaby v. Wilcox, 60 Conn. 71, 22 Atl. 491; Evans v. Lohr, 3 Ill. 511; Blumenthal v. Tibbits, 160 Ind. 70, 66 N. E. 159; Westheimer v. Pec. 2 Ia. 528; Jones v Walker, 13 B. Munroe, 356 Ky.; Thomas vs. Delphy, 33 Md. 373; Dexter vs. Blanchard, 11 Allen, 365, Mass.; Stewart v. Jerome, 71 Mich. 201, 38 N. W. 895; Gilles v. Mahoney, 79 Minn. 309, 82 N. W. 853; Musick v. Musick, 7 Mo. 495; Sax to v. Landis, 16 N. J. L. 301; White v, Rintoul, 108 N. Y. 222, 15 N. E. 318; Gump v. Halberstadt, 15 Oreg. 356, 15 Pac. 467; Durham v. Arledge, 1 Strobh. 5, 47 Am. Dec. 544, So. Car.; Caperton v. Grey, 4 Yeger, 563, Tenn.; Durant v. Allen, 48 Vt. 58; McKenzie v. Puget Sound Natl. Bank, 9 Wash. 422, 37 Pac. 668.

### STATEMENT OF FACTS.

The plaintiff, who is appellant in this court, set up in his complaint that on the 7th day of April, 1893, he had an attachment suit pending in the district court

of Colfax county against Stephen W. Dorsey and wife, the cause of action arising by virtue of a certain promissory note in favor of plaintiff and an open account for goods sold and delivered; that on the date referred to the defendant, Charles Springer, promised and agreed that, if plaintiff would dismiss said attachment suit, he (defendant) would pay the amount due, with interest from that date, when the plaintiff paid or satisfied a certain note previously made by the plaintiff to Marcy, Greer and McCarn. Plaintiff further alleged that on May 20, 1898, he paid the last-mentioned note, and that defendant has refused to pay the Dorsey note first above referred to. The plaintiff therefore seeks to recover upon the alleged promise of said Charles Springer to pay the Dorsey note. Defendant, Charles Springer, filed a general denial.

After the plaintiff introduced his testimony, the defndant moved the court for judgment in favor of the defendant upon the following grounds: That the contrac, if any had been proven, was one on the part of the defendant to pay the debt of another, which contract was not in writing, and therefore barred by the statute of frauds; further, because the complaint upon its face does not state a cause of action, in that it shows that the transaction referred to was within the statute of frauds, and that therefore there was no legal cause of action; and, as a third ground, because of variance between the testimony and the allegations of the complaint.

The issues were finally found in favor of the defendant, and judgment rendered accordingly, upon the motion referred to, from which judgment this appeal was taken.

## OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above.) [1] The first question presented by appellant's brief under his assignment of errors is that in this jurisdiction a defendant to avail himself of the benefit of the statute of frauds must plead the statute. He cites in support of this point the case of Fraser v. State Sav-

ings Bank, 18 N. M. 357, 137 Pac. 592. This case, however, is not authority for his contention, although the language of the opinion offers some justification for appellant's supposition that the opinion supports his position. We said in the Fraser Case, in connection with appellant's attempt to avail himself of the statute of frauds:

"This question is not involved in the case, however, as it was not raised by the pleadings."

In the Fraser case appellant, the plaintiff below, sought to dissolve a partnership by attacking a contract he asserted was entered into by him while of unsound mind; that he was overreached and a victim of fraud at the time of its execution. The case went to trial upon this theory and none other. The question of whether or not the contract was within the statute of frauds was not presented by the complaint, and we therefore would distinguish the Fraser case from the present one upon the ground that upon the plaintiff there always rests the statutory duty of stating his cause of action. In this case the defendant simply avails himself under his general denial of the failure of the plaintiff to maintain his cause of action by showing a valid contract. With this distinguishing difference in mind it becomes apparent that this court, in its opinion in the Fraser case, sought only to point out that Fraser in his complaint had not stated his cause of action as based upon the statute of frauds, but sought relief upon other grounds exclusively, and therefore his later urging of the statute was not within the pleadings or issues of the case.

It is to be observed that the complaint in the instant case in a general way set up the alleged obligation of the defendant to assume the prior debt of the Dorseys, the allegations not pointing out whether this agreement to be responsible for the debt of another was in writing or parol, to which allegations the defendant interposed a general denial. As pointed out in 20 Cyc. 313:

"Where defendant, in answer to general allegations, denies

the making of the contract, the question whether he must also plead the statute in order to have the benefit of it arises; on this point there is a great conflict of authority."

An examination of the numerous cases collected in the notes to the foregoing text discloses that the weight of American authority favors the rule that under the general issue or denial of a contract the defendant is entitled to the benefit of the statute of frauds without specially pleading the same. We are inclined to agree with the majority holding. See, also, case note to Henry v. Hilliard et al., 49 L. R. A. (N. S.) 1; 1 Sutherland, Code Pleading, § 533; Bliss on Code Pleading (3d Ed.) 353. Our conclusion is that one may avoid the obligation of a parol agreement by reason of the statute of frauds (where the petition fails to show whether it is in writing or not) by setting up the statute by some proper pleading, or he may claim the benefit of the statute under a general denial.

[2] It is next contended by appellant that the contract sued upon is an original undertaking, and not within the statute of frauds. In this connection it is first to be observed that the alleged contract is sought to be supported by both oral and written evidence. The oral evidence is as to certain statements said to have been made by Mr. Springer to the plaintiff and counsel for plaintiff. The written evidence is a letter written by Mr. Springer under date of March 24, 1893, addressed to George J. Pace, of Raton, N. M. This letter is as follows:

"Dear Sir: I have a letter from Dorsey about the attachment suit. Marcey, Greer, and McCarn held the note of the Sierra Grande Ranch Company and Mr. Dorsey to you as collateral for whatever amounts you owed them. At least, that is what they told me when they turned it over to me. I took security for it which makes it perfectly secure, unless this attachment suit interferes with it. If you go on with the attachment I will have to release the security I took, because you cannot have both. You must either rely on the attachment or on the security. I think you have been mistaken in bringing the suit and that it will fail. The parties who hold the three thousand dollar note have wanted to bring suit on it, but on my advice they have held off so far. Now, I must say to you that, if you go ahead with the attachment suit and lose the chance to collect the Dorsey note, or cause serious delay in the collection of it. I will have nothing more

to say in the matter. If you will dismiss the suit at once. I will say that the Dorsey note will be paid whenever you are ready to pay the balance of your note to Marcey, Greer, and McCarn, which is now owned by the Chemical National Bank of New York.

"Very truly yours,<br>
"Charles Springer."

Appellee objected to the admission of this letter in evidence upon the ground that as an instrument in writing upon which the cause of action was based, it should have been incorporated in the complaint, and, not having been so incorporated, was inadmissible in evidence. This contention is probably well taken, but, aside from this objection, the evidence in question is valueless for the purpose for which its introduction was sought, for several reasons possibly, and at least for one, viz. that there is no consideraiton shown to have moved in favor of the alleged promisor, Springer, beneficial to him, and therefore no cause of action exists against him. Aside from this, we do not think that the letter contains such a promise to pay the debt of Dorsey as should be held to be binding upon Springer. There was no unqualified promise to pay the debt of Dorsey, but merely a statement that it would be paid if certain things were done, not necessarily that it would be paid by Springer, but possibly a prophecy that it would be paid, or that the creditors of the plaintiff, when plaintiff was ready to pay the other note referred to would consider it as an offset. It was furthermore a conditional promise, and it is contended that there is no evidence affirmatively showing that the condition was complied with.

An original promise or contract without the statute of frauds as defined in 20 Cyc. 163, is one "in which the direct and leading object of the promisor is to further or promote some purpose or interest of his own, although the incidental effect thereof may be the payment of the debt of another."

An examination of the record does not disclose that Mr. Springer was attempting to promote any purpose or interest of his own. It is clear from the letter as a whole that he was not representing himself in the

transaction in question, but, so far as he spoke upon the subject at all, he spoke as a representative or agent of other parties. We therefore conclude that appellant's contention that this was an original promise is not well taken.

It is further urged that the letter referred to is a sufficient memorandum to comply with the statute if the contract was within the statute of frauds. All that we have just said with respect to the letter would apply to a consideraion of this question, and we do not agree that it is sufficient memorandum to bind the appellee under the circumstances of this case.

For the reasons stated, finding no error in the record, the judgment of the district court is affirmed; and it is so ordered.

PARKER and ROBERTS, JJ., concur.

### SYLLABUS BY THE COURT.