## HERBST v. ROGERS.

(No. 2247. July 2, 1920.)

### SYLLABUS BY THE COURT.

Counsel fees and expenses necessarily incurred for necessary services in procuring the dissolution of an injunction, when reasonable in amount, are recoverable as damages upon injunction bonds conditioned in the ordinary terms.

Appeal from District Court, Chaves County; Mc-Clure, Judge.

Action by W. E. Rogers against James B. Herbst. Judgment for plaintiff, and defendant appeals. Affirmed.

REID, HERVEY and IDEN, of Roswell, for appellant.

R. D. BOWERS, of Roswell, for appellee.

OPINION OF THE COURT.

PARKER, C. J.   This is an appeal from the district court for Chaves county, by James B. Herbst.  The appeal as to Robert Kellahin and J. C. Reese was dismissed.  25 N. M. 408, 183 Pac. 749.

On June 15, 1915, the appellant brought suit in the district court for Chaves county against the appellee to enjoin him from connecting or attempting to connect a small feed pipe to the artesian well of appellant, or attempting to change the means of diversion of his water from said well.  A temporary injunction issued against the appellee, but upon final hearing the injunction was dissolved.  The appellant appealed to this court, and the judgment dissolving the injunction was affirmed.  Herbst v. Rogers, 22 N. M. 449, 164 Pac. 827.

Thereafter, on August 8, 1917, this action was begun. It was a suit upon the injunction bond given in the case hereinbefore referred to, the sureties thereon being joined as parties defendant with Herbst.  The injunction bond was in the usual form, reciting the occasion for the necessity of the bond and covenanting that if the appellat shall pay, or cause to be paid, any and all costs and damages, not exceeding $500, arising from the allowance of said injunction, if the same shall be wrongful and be dissolved by order of the court, then this obligation be null and void; otherwise to remain in full force and effect.

Numerous items of damages were set up in the appellee's complaint in this cause, but only two of them are material here.  They are: First, that of counsel fees contracted by appellee in the sum of $250; and, second, traveling and hotel expenses of said counsel in the performance of his duties in attendance upon this court upon the appeal of the original injunction suit.

The appellant concedes that there is but one proposition of law involved in this case on appeal, and that is as to whether fees and expenses of counsel employed in

an injunction suit are proper items of damage in a suit
upon the injunction bond.

In the case of Webb v. Beal, 20 N. M. 218, 148 Pac.
487, the doctrine of which was approved in Woods v.
Fambrough, 24 N. M. 488, 491, 174 Pac. 996, the ap-
pellee instituted suit upon an injunction bond for dam-
ages for $300, for attorney's fees, and $75 for expenses
incurred in defending the suit. The appellee there
recovered judgment for $200 for attorney's fees and
$50 as expenses necessarily incurred in and about the
defense and dissolution of the injunction. The proposi-
tion of the right to recover attorney's fees was fully dis-
cussed by the court; the court holding, in substance,
that counsel fees paid for necessary services directed to
procuring the dissolution of an injunction, when reason-
able in amount, are recoverable as damages upon in-
junction bonds conditioned in the ordinary terms. The
court noted the socalled federal rule on the subject,
adhered to by a few of the states, as well as the ma-
jority doctrine, and adopted the language of a quoted
case, as follows:

"It seems just and right that where a party asks the in-
terposition of the power of the courts, in advance of a trial
of the merits of the cause, to deprive the defendant of some
right or privilege claimed by him, even though temporarily,
if on investigation it is found that the plaintiff had no just
right either in the law or the facts to justify him in asking
and obtaining from the court such a harsh and drastic
exercise of its authority, that he should indemnify the de-
fendant in the language of his bond for 'all damages he might
sustain,' and that reasonable counsel fees necessary to the
recovering (dissolution) of such injunction are properly a
part of his damage."

It is to be noted that Mr. High calls attention to the
fact that the authorities are in conflict as to the right to
recover for counsel fees in those cases where the in-
junction is the sole relief sought, as was the fact in the
present case under consideration. But this eminent
authority points out that the view in favor of the al-
lowance of attorney's fees is supported by a slight pre-
ponderance of the authority. As we see but little differ-
ence in principle between the two classes of cases, we

are constrained to follow the weight of authority in this respect.

The appellant in this case takes the position, as we understand his brief, that, when the prayer of the complaint and the allegation as to his inadequacy of legal remedies are eliminated, his action may be said to be akin to a suit to quiet title, either to land or to water in the artesian well. Upon that premise authority is cited to the general effect that attorney's fees are limited to those necessary in procuring a dissolution of the injunction; services rendered in making a general defense on the merits being excluded. The cases so holding do so upon the theory that, where the injunctive relief is merely ancillary to the main relief sought, the incurring of expenses incident to employing attorneys in defense of the main action is manifestly imperative, and therefore, as the expense would have been incurred without reference to the injunctive portion of the action, expenses concerning a defense of the injunctive side of the case will not be allowed; the subject of apportioning what part of the fee should be debited against the services rendered in the main case and what against those rendered only with respect to the injunction being too problematical and uncertain to permit the award of damages. But granting the correctness of the doctrine for which the appellant contends, we have no such case here. Here the original action was solely for injunctive relief. It is true that the right to maintain the injunction depended on the contractual rights of the parties, but that was simply the foundation for the injunction proceeding; the appellant contesting with appellee the right of the latter to take water from the well in the manner in which appellee threatened to divert it. There was no issue in that case as to the general adverse claim of property by appellee in the premises. The case was purely and solely one in equity for a permanent injunction, and the case was tried and decided upon that theory, and that theory and none other was consistently advocated by the appellant. We there-

fore hold that the doctrine for which appellant contends here is without application, this case falling squarely within the principles we announced in the Webb-Beal Case.

For the reasons stated, the judgment of the trial court will be affirmed, and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.