291 P.2d 328

**The BANES AGENCY, A Partnership, Plaintiff-Appellee,**

**v.**

**Lawrence A. CHINO and Roy Gallaher, d/b/a Gallaher Used Cars, Defendants-Appellants.**

**No. 5945.**

Supreme Court of New Mexico.

Nov. 4, 1955.

Rehearing Denied Dec. 16, 1955.

McAtee & Toulouse, Albuquerque, for appellants.

..Gallagher & Walker, Albuquerque, for. appellee.

SADLER, Justice.

The defendant Gallaher, as appellant before this Court, complains of a judgment against him in plaintiff's favor in an action growing out of a transaction whereby the plaintiff as assignee of a note and chattel mortgage, given as a part of the purchase price of an automobile later traded in to defendant for another car, and as a part of the latter purchase the. defendant promised the purchaser to pay off the balance unpaid to plaintiff on the first car.

From a somewhat confusing and tangled state of facts, we are able to deduce these events in the order of their occurrence. On or about March 16, 1953, Lawrence A. Chino executed and delivered to L. O. Bradley, d/b/a B & W Auto Sales, a promissory note for $635.70. It was secured by a chattel mortgage on a 1948 Plymouth, four-door sedan, given by Chino to Bradley. On February 6, 1954, nearly a year later, Chino traded the Plymouth to the defendant, Gallaher, receiving a credit on the purchase of a Chevrolet car in the sum of $345. Gallaher had the Plymouth car on his sales lot until April 25, 1954, and has continued in constructive possession thereof ever since.

At the time Chino traded or turned in the Plymouth to Gallaher on the purchase of the Chevrolet, February 6, 1954, the records of the Motor Vehicle Commissioner of New Mexico showed title to the Plymouth to be in Lawrence A. Chino with a chattel mortgage outstanding in favor of the Banes Agency, the plaintiff, in the sum of $635.70, a fact well known to the defendant, Gallaher, from whom Chino was purchasing the Chevrolet. Moreover, Gallaher, at the time of the transaction between him and Chino, and as a part thereof, promised the latter that he would pay off the balance still owing by Chino on the Plymouth in the sum of $311.63, plus accrued interest.

The foregoing facts, as recited hereinabove, are all incorporated and appear in the court's decision. From them the trial court formally deduced conclusions of law, as follows:

"1. That the promise made by Roy Gallaher to Lawrence Chino to discharge the said debt to the Banes Agency was for an adequate consideration and is not regarded as a promise to answer for the said debt of another within the meaning of the Statute of Frauds.

2. That by his actions in accepting the 1948 Plymouth as a trade in on another car and by his said oral promise, the defendant, Roy Gallaher made Lawrence Chino's debt to the

Banes Agency his own and he thereby became the principal debtor.

3. That Roy Gallaher's action in taking the said mortgaged vehicle in on a trade constituted a sufficient part performance to take the contract he made with Lawrence A. Chino out of the Statute of Frauds.

4. That by the above mentioned actions, defendant, Roy Gallaher, converted said mortgaged vehicle to his own use.

5. That said cause of action is not barred by the Statute of Limitations.

6. That defendant, Roy Gallaher's Cross Complaint against plaintiff herein has no basis in fact and should be dismissed.

7. That plaintiff is entitled to Judgment against said defendant, Gallaher, for $461.63 plus $31.16 interest, for a total of $492.79, and costs expended."

Judgment having been entered against defendant in the sum of $492.79, as indicated in last paragraph of the conclusions of law, quoted above, the defendant prosecutes this appeal, assigning some 24 errors which obligingly are reduced to three points for purposes of argument.

The first is that there is no substantial evidence to support the basic finding on which the judgment rests. Argument upon which this contention rests points out that when Chino visited the Gallaher sales lot to trade in his Plymouth on a 1953 Chevrolet, he was asked twice by Gallaher if there was a lien on the car, to which inquiry on each occasion he responded, "No." It is true such an answer was made but the same witness while under cross-examination was interrogated and made answers touching the subject, as follows:

"Q. Did your car have a lien on it? A. '48?

"Q. Yes, did it have a mortgage— your '48 automobile, did it have a mortgage on it? Were you making payments on it? A. Yes, sir.

"Q. Who were you making payments to? A. Banes Agency.

"Q. And, did you advise Mr. Gallaher you were making payments to anybody? A. Yes.

"Q. Who did you tell him you were making payments to? A. I told him I was making payments to Banes Agency yet, and he told me, if I trade the car in he'll pay all that what I owed to the Banes Agency, so naturally I thought if, well, that's going to be a fair deal like that, I'll trade in, I said, so he took my '48 Plymouth in for a trade-in stating that he would pay what I owed to the Banes Agency."

■ Previous answers of the witness that there was no lien on the car, viewed in the light of the later testimony, seem to bear out the statement of counsel for plaintiff that Chino, apparently a Laguna Indian, didn't know what a "lien" meant. To say the least, when asked about a mortgage, he readily understood and answered that there was one. He further testified he told Gallaher he was making payments on it to the plaintiff and that Gallaher promised to take up and satisfy the balance due on the trade-in car, something that was in accord with custom and that he would be compelled to do before he could dispose of the car. We think the evidence supporting the findings is substantial and, hence, they are to be taken as the facts upon which the appeal will be heard in this Court. Garvin v. Gordon, 36 N.M. 304, 14 P.2d 264. It was the privilege of the trial judge to reconcile inconsistent statements of the witness, Chino, and say when he spoke the truth. Bubany v. New York Life Ins. Co., 39 N.M. 560, 51 P.2d 864.

It is next urged upon us as the second point in the case that the Statute of Frauds bars recovery against the defendant, Gallaher. Counsel for defendant places great reliance upon this contention. They point out, and it is nowhere questioned, that there is absolutely no writing shown containing a promise by defendant to pay Chino's obligation to the plaintiff, representing unpaid installments on the Plymouth traded to Gallaher. This is quite true. Indeed, he makes no claim to possess or hold any such writing.

The plaintiff's position in this matter is that the promise relied upon is not within the Statute of Frauds at all. His counsel simply contend that Gallaher made a promise to Chino, for a valuable consideration, to pay the amount owing on the take-in car; that in doing so he made the balance due his own debt and in receiving and retaining possession of the car on his own sales lot for more than two months, he converted same to his own use and thereby became liable to the plaintiff in damages for the conversion. His counsel quote the principle upon which they rest their case on 49 Am.Jur. 438, as follows:

"§ 82. A promise by one person, although he is in no way liable for an existing debt, made to the debtor for an adequate consideration, to discharge the debt, is not regarded as a promise to answer for the debt of another within the meaning of the statute of frauds. Such rule has been attributed to the principle that the statute applies only to promises made to a person to whom another is answerable, but a more fundamental reason for the rule is that the promisor, under the circumstances stated, makes the debt his own and becomes the principal debtor, * * *."

■ We think the trial court correctly held that Gallaher's promise to Chino to

discharge the balance owing to the plaintiff on the car Chino was turning in on the purchase of another car, was an independent promise and not within the Statute of Frauds within the principle set forth in the quotation from American Jurisprudence, supra. See, also, Rice v. Hardwick, 17 N.M. 73, 124 P. 800; Pace v. Springer, 23 N.M. 586, 170 P. 879, and Bunton v. Campredon, 24 N.M. 314, 171 P. 142, 173 P. 1035.

■ The plaintiff says that Gallaher, in effect, purchased Chino's equity in the Plymouth when he took it in on the trade for another car; that he had both actual and constructive notice of plaintiff's chattel mortgage. Hence, in taking possession of the car traded in that Gallaher was guilty of conversion. U. S. v. Fleming, D.C., 69 F.Supp. 252; Security State Bank v. Clovis Mill & Elevator Co., 41 N.M. 341, 68 P.2d 918. The facts in case last cited from our own Supreme Court are not too dissimilar to deny it force as an authority. A defendant purchasing crops on which plaintiff had a duly filed chattel mortgage was held guilty of conversion.

■ The last point urged on behalf of the defendant is that the judgment entered for $492.79 is excessive in that it includes interest accrued on the note secured by chattel mortgage and attorneys fees in the sum of $150. In other words, they say that if they are liable to plaintiff on defendant's promise to pay the balance due on the car taken in on a trade, they are liable only for that amount as it stood at the time of the promise, plus interest from date of judgment, to-wit: $311.63. We are disposed to agree with this contention. Except in rare instances attorneys fees may not be allowed as costs where there is no statutory authority therefor. 17 C.J., p. 807, § 133 (Damages); 25 C.J.S., Damages, § 50; Atchison, T. & S. F. Railway Co. v. Citizens Traction & Power Co., 16 N.M. 163, 113 P. 813. Compare, In re Marron & Wood, 22 N.M. 501, 165 P. 216.

True enough, by rule of decision under certain circumstances these fees may be recovered in a suit on an injunction bond. Webb v. Beal, 20 N.M. 218, 148 P. 487; Woods v. Fambrough, 24 N.M. 488, 174 P. 996; Herbst v. Rogers, 26 N.M. 287, 191 P. 441; Carr v. Mazon Estate, Inc., 26 N.M. 308, 191 P. 137. Even in these cases, authority for the allowance of attorneys fees as damages is greatly restricted. Tatavich v. Pettine, 31 N.M. 479, 247 P. 840. We think the court erred in allowing attorneys fees in this case.

■ Accordingly, the case will be reversed and the cause remanded with directions to the trial court to revise its judgment by the disallowance of attorneys fees, unless within the period of moving for rehearing herein the plaintiff files a remittitur of the

amount allowed for attorneys fees, to-wit, $150, in which event the judgment will stand affirmed. The costs will be divided, one-third taxable against the plaintiff and two-thirds against the defendant.

It is so ordered.

COMPTON, C. J., and LUJAN, Mc-GHEE and KIKER, JJ., concur.

On Motion for Rehearing

The defendant below, as appellant here, has moved for rehearing. He asserts three grounds in only one of which, the third, do we find justification for making an observation. He complains for the first time in his motion that the trial court erred in rendering judgment for an amount equivalent to balance due on the note, after holding defendant converted the car. His counsel remind us the measure of damages in conversion is the reasonable market value of the chattel converted, at time of conversion plus interest, citing Martinez v. Vigil, 19 N.M. 306, 142 P. 920, L.R.A.1915B, 291.

This is a claim of error asserted for the first time on motion for rehearing. Indeed, in his brief filed here defendant virtually invites the court to confine the amount awarded to balance due on the note. His counsel state:

"If the court, should say the promise to pay was outside the Statute of Frauds, all that Gallaher would be obligated to pay would be the Three Hundred Eleven Dollars and Sixty-three Cents ($311.63)."

Upon giving judgment against defendant the trial court did just that but also added attorneys fees in the sum of $150.00. We held the court erred in awarding the attorneys fees and ordered plaintiff to file a remittitur in that amount, as a condition of affirmance, which we understand has been done. We did not intend to disturb the prevailing rule on measure of damages in the case of conversion of personal property. The trial court gave damages, so far as the car converted was concerned, for the amount claimed on account of the taking which defendant himself had suggested as appropriate, if the court held the cause of action outside the statute of frauds, as it did.

The motion for rehearing will be denied and the judgment stand affirmed, less the amount of remittitur filed by plaintiff.

It is so ordered.

COMPTON, C. J., and LUJAN, Mc-GHEE and KIKER, JJ., concur.