Webb v. Beal, 20 N. M. 218.

[No. 1702, March 30, 1915.]

WEBB v. BEAL et al.

[Rehearing Denied May 15, 1915.]

### SYLLABUS BY THE COURT.

1. A defendant, by answering over, upon demurrer over-ruled, waives all objections to the petition of the plaintiff, except to the judisdiction of the court and the failure of petition to state a cause of action.

P. 221

2. Counsel fees paid for necessary services directed to procuring the dissolution of the injunction, when reasonable in amount, are held to be recoverable as damages upon injunction bonds conditioned in the ordinary terms to pay such damages as the obligee may sustain by reason of the injunction, if the same be dissolved.

P. 222

Roberts, C. J., dissenting.

Appeal from District Court, Chaves County; Richardson, Judge.

Action by John R. Webb against John T. Beal and others. From judgment for plaintiff, defendants appeal. Affirmed.

W. E. ROGERS of Roswell, for appellant.

(No brief on file.)

J. D. MELL and JAMES M. DYE of Roswell, for appellee.

Attorney's fees and expenses necessarily incurred in dissolving a wrongful restraining order are proper elements of damages in a suit on the injunction bond.

22 Cyc. 1053, 1056, 2 High Injunctions, (2nd Ed.) 1050, 1061; 1 Spell. on Injunctions, (2d Ed.) 796 Territory v. Rindscoff, 5 N. M. 93, 20 Pac. 180; Mulvane v. Tullock, 50 Pac. (Kan.) 897.

## OPINION OF THE COURT.

HANNA, J.—Appellee instituted this suit in the district court of Chaves county, for damages in the sum of $500 on an injunction bond given by appellants to appellee in an earlier cause instituted in the same court. Appellee, in his complaint filed in the trial court, alleged that the appellants had wrongfully sued out an injunction to restrain him from continuing to tear down and injure a fence of the appellant Beal, and to restrain him from permitting his cattle to enter and graze upon the premises of the said Beal. The injunction was issued in the first cause referred to, upon appellant's furnishing a bond in the sum of $500, and the plaintiff in this cause below, appellee here, was ordered to show cause at Carlsbad, N. M., why said injunction should not be continued in force, which place was about 150 miles from appellee's home; that after a hearing at Carlsbad, upon a demurrer to the first complaint, which was sustained, the cause was continued for further hearing at Roswell, N. M., it being asserted by the plaintiff below, appellee here, that in consequence of the issuance of said injunction he was compelled to keep his cattle under herd for a period of several months, and in order to procure the dissolution of the injunction he was compelled to employ, and did employ, counsel, to whom he paid fees in the sum of $300; that he was compelled to make frequent trips to Roswell, in addition to his said trip to Carlsbad, by reason of the necessity of his appearance in court in the matter of securing the dissolution of the injunction, occasioning an expense of about the sum of $75. The injunction bond given in the first cause referred to was in the usual form, conditioned that the appellant Beal would pay all sums of money, damages, and costs as should be adjudged against him if the injunction should be dissolved; the sureties thereupon being the other appellants Logan and Mundy. Upon the trial of the cause, the district court rendered a judgment for appellee against the defendants, appellants here, for the sum of $250, being $200 as reasonable fees for the attorneys necessarily employed in and about the dissolution of the temporary

injunction, and the further sum of $50 as expenses neces-
sarily incurred in and about the defense and dissolution
·of the injunction; and further finding against appellee
here in the matter of his claim for damages on account of
·extra expense in and about the herding of his cattle. From
which judgment an appeal was prayed and allowed to
this court.

Appellants' first and second assignments of error are
predicated upon the action of the trial court in overrul-
ing a demurrer to the complaint filed by appellee in this
·cause.   The grounds of this contention are, so far as it is
now necessary to consider them, that attorney's fees and
·expenses incurred in attending court to defend an injunc-
tion suit are not such elements of damages as are com-
pensated by law; a similar contention being further made
as to the element of damage alleged to exist by reason of
the necessity for the herding of the cattle during the
time that the injunction was in force.

A second demurrer was interposed to the first amended
·complaint, which was overruled by the court, which rais-
·ed the proposition that the suit was prematurely brought,
by reason of the fact that the appellant Beal had more
than nine months' time after the institution of this cause
·of action within which to appeal to the Supreme Court
from the judgment in the first cause referred to; or, in
·other words, that the suit upon the injunction bond
should not have been instituted until the expiration of
the period of one year within which the appeal from judg-
ment might be sued out.

The third assignment of error is predicated upon the
action of the court in sustaining appellee's motion to
·strike out certain paragraphs of appellants' answer. This
·assignment of error concerns the same legal propositions
as the first two assignments herein referred to, and the
same might also be said as to the fourth assignment of
·error, which is predicated upon the action of the trial
·court in admitting testimony offered by the plaintiff be-
low as to his expenses in the first suit in the matter of
attendance upon court, and as to sums paid for attor-
ney's fees in the cause.   The fifth and sixth assignments

of error are predicated upon the judgment of the trial court in that judgment should not have been rendered: for counsel fees and expenses of the plaintiff in attendance upon court.

[1] By appellee it is contended that the first two assignments of error are not available, because a defendant by answering over upon demurrer over-ruled waives all objections to the petition of the plaintiff, except to the jurisdiction of the court and the failure of petition to state a cause of action. This rule was followed by this court in the case of Baca v. Baca, 18 N. M. 63, 134 Pac. 212, though it may not be available by appellees in the present instance,. by reason of the fact that a question would seem to have been raised going to the sufficiency of the complaint. It is not material to consider this technical objection, however, as the same propositions of law are involved in the consideration of the fourth, fifth, and sixth assignments of error. We will therefore consider the questions raised upon their merits, the essential question being: Did the court err in admitting testimony as to counsel fees and expenses incurred in connection with the dissolution of the injunction bond?

We are not unaware of the fact that there has been a great conflict of authority in the courts of this country upon this question. The federal courts have uniformly held against the right to recover for counsel fees expended in a case of this character.

There are a small number of our American states who have approved the doctrine of the federal courts in this respect. They are Arkansas, Maryland, Pennsylvania, Tennessee, Texas, and Virginia. The federal courts and those of the jurisdictions last referred to seem generally to follow the holding of the Supreme Court of the United States, in the case of Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43, which high authority held that counsel fees are not recoverable in suits on injunction bonds, basing its conclusion very largely upon the principle of public policy, upon the theory that such allowance would tend to limit or restrict the right to litigate and raise a question of great delicacy by reason of the fact that there is no

fixed standard by which the honorarium of an attorney can be measured,. and creating a further condition subject to abuse growing out of the fact that, when both client and counsel know that the fees are to be paid by the other party, such fees might be agreed upon between them as would tend to constitute an abuse of the rights of the opposite party.

This court, whose view is of necessity of great controlling weight with us, further based its decision by analogy upon other actions, such as trespass, where, in the absence of circumstances of aggravation, only compensatory damages can be recovered, which do not include the fees of counsel. And in other ex delicto actions, where vindictive damages may be assessed by the jury by way of example, and while such damages may indirectly compensate the plaintiff for money expended in counsel fees, the amount of these fees cannot be taken as the measure of punishment or a necessary element in its infliction.

[2] While fully appreciating the weight to be given to these authorities, and the logic of the opinions of the different courts, which have held to the minority rule, as hereinbefore set out, we feel that the reasoning for such holding is not sufficient to justify a departure by us from the more general rule which has been followed in nearly all the jurisdictions of this country. This rule, as followed by nearly all of our American states, is to the following effect: That counsel fees paid for necessary services directed to procuring the dissolution of the injunction, when reasonable in amount, were held to be recoverable as damages upon injunction bonds conditioned in the ordinary terms to pay such damages as the obligee may sustain by reason of the injunction, if the same be dissolved. Littleton et al. v. Burgess, 16 Wyo. 58, 91 Pac. 832, 16 L. R. A. (N. S.) 49. For numerous other authorities following this rule, see case note in 16 L. R. A. (N. S.) 355, and case note in 33 L. R. A. (N. S.) 845, following Vicksburg Waterworks Co. v. Mayor and Aldermen of Vicksburg, where later authorities are collected. See, also, Wittich v. O'Neal, 22 Fla. 592, in which opinion the Supreme Court of Florida said:

"The case at bar is one in which the main suit was pending; a temporary injunction was issued and dissolved on the application of the plaintiff in this suit before a determination of the main suit. In such a case the temporary injunction is an extraordinary remedy. Unlike the usual course of law, which 'proceeds upon inquiry and only condemns after a hearing,' it is often ex parte and condemns temporarily before a hearing. It seems just and right that where a party asks the interposition of the power of the courts, in advance of a trial of the merits of the cause, to deprive the defendant of some right or privilege claimed by him, even though temporarily, if on investigation it is found that the plaintiff had no just right either in the law or the facts to justify him in asking and obtaining from the court such a harsh and drastic exercise of its authority, that he should indemnify the defendant in the language of his bond for 'all damages he might sustain,' and that reasonable counsel fees necessary to the recovering of such injunction are properly a part of his damage."

With this reasoning we are compelled to agree. Other cases in point are Cook v. Chapman, 41 N. J. Eq. Rep. 152; Newton et al. v. Russell, 24 Hun. 40. See, also, 2 High on Injunctions, 4th Ed., secs. 1685 to 1692a; Spelling on Inj. and other Ex. Rem., sec. 953.

It is to be noted that Mr. High calls attention to the fact that the authorities are in conflict as to the right to recover for counsel fees in those cases where the injunction is the sole relief sought, as was the fact in the present case under consideration, (see 2 High on Injunctions, 4th Ed., sec. 1686a), but this eminent authority points out that the view in favor of the allowance of attorney's fees is supported by a slight preponderance of the authority. As we see but little difference in principle between the two classes of cases, we are constrained to follow the weight of authority in this respect. Mr.

Sutherland, in his work on damages, vol. 1, 3rd Ed., sec. 85, says:

"On principle and the weight of authority, where the prosecution or defense of suits is rendered naturally and proximately necessary by a breach of contract or any wrongful act, the cost of that litigation, reasonably and judiciously conducted, paid or incurred, including reasonable counsel fees, are recoverable as part of the damages."

See, also, Sedgwick on Damages, vol. 1, 9th Ed., sec. 237.

The appellants have cited in support of their contention in the matter of attorney's fees, the case of A. T. & S. F. Ry. Co. v. Citizens' Traction & Power Co., 16 N. M. 163, 113 Pac. 813, where the Territorial Supreme Court held, in an opinion by Mr. Justice Roberts, that counsel fees may not be recovered as an element of damages by one compelled to sue for an injunction to protect his rights which are being violated by defendant. We do not consider this opinion of the Territorial Supreme Court, however, an authority in the present case, as in that case the plaintiff seeking the injunction, and at the same time praying for an allowance for counsel fees, was in every sense of the word going about his own business and voluntarily coming into court as a party litigant, and in fact was the moving party in that particular litigation. An unsuccessful attempt had been made by the Santa Fe Railroad Company to enjoin the appellee from crossing its tracks. (This case is found reported in 113 Pac. 810.) Pending the final determination of the case last referred to, the Traction Company filed its original bill, praying that the railway company be enjoined from interfering with the laying of its tracks, also for a mandatory order compelling it to replace certain of its tracks, and thereby became, as stated, a voluntary suitor, for which reason the Territorial Supreme Court rightfully held that the item of expense for attorney's fees was not recoverable. The cases generally hold, not only that the expense for counsel fees must be proven and must be reasonable, but

must result from the injunction, and pertain to its dissolution. The amount allowed by the district court in the present case, was, in our opinion, a reasonable amount, taking into consideration the work involved and the services performed by the attorneys.

The finding as to the damage resulting to appellee by reason of his expense in attendance upon court, is supported by the evidence as it appears in the record, and we see no reason to depart from the finding in this respect.

For the reasons stated, the judgment of the trial court is affirmed; and it is so ordered.

PARKER, J., concurs.

### ROBERTS, C. J. (Dissenting.)

In my judgment, attorney's fees are not a proper element of damage, in an action on an injunction bond to recover for the wrongful suing out of the same. It is true the large majority of the state courts agree with the majority opinion in this case, but, as I view the question, the minority holding is much more consonant with reason. The minority view will be found ably set forth in the case of Strinfield v. Hirsch, 94 Tenn. 425, 29 S. W. 609, 45 A. S. R. 733. My views are in accord with the reasoning and conclusion of the Tennessee court in the above cited case. For this reason I believe the judgment of the district court should be reversed.