[No. 2134, Aug. 10, 1918.]
WOODS et al. v. FAMBROUGH et al.

### SYLLABUS BY THE COURT.

1.   A finding that an injunction was wrongfully issued is conclusive on appeal, where no proper exception is taken thereto.                                            P. 490

2.   Nonjurisdictional questions, raised for the first time on appeal, will not be considered.                   P. 491

3.   The right to recover attorney's fees necessarily paid in defending an injunction suit and obtaining a dissolution of the injunction is not affected by the fact that the suit is an independent proceeding, uncoupled with any other proceeding.                                       P. 491

Appeal from District Court, Lincoln County; Medler, Judge.

Action by Alfred S. Woods and others against Sam B. Fambrough and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

G. W. PRICHARD, of Santa Fe, for appellants.

ED MECHEM, of Alamogordo, for appellees.

OPINION OF THE COURT.

HANNA, C. J. This is an appeal by Sam B. Fambrough, Henry Lutz, and E. H. Talbert from a judgment for $575 rendered against them and in favor of Alfred S. Woods, Samuel Woods, and James A. Cooper, in the district court of Lincoln county. The action was predicated upon the alleged wrongful issuance of an injunction, restraining the appellees from permitting their live stock to range upon the private lands of appellant Fambrough, or within four miles thereof. The complaint in the case at bar alleged facts tending to show that the temporary injunction procured by Fambrough was dissolved by the court and that appellees were damaged $500 paid as attorney's fees in defense of said injunction suit, $500 on account of being compelled to remove their sheep to other pasturing grounds, and $150 in costs and expenses incident to the defense of said injunction suit. The answer of the appellants denied that the injunction suit "was wholly dissolved, but state that said restraining order and injunction was sustained so far as it affected the private holdings or lands within the exclusive control of the said Fambrough," and further denied that a final judgment had been rendered in said cause for the reason that in the opinion of the court in said cause the appellants were permitted to submit further proof as to the actual private holdings and land within the exclusive possession of the said Fambrough. The answer also denied that appellees suffered any damages or that any were recoverable by them under the terms of the injunction bond. The case was tried to the court without a jury. The appellees introduced no evidence tending to show that the injunction had been dissolved or that it had been modified in any way. Their evidence was addressed solely to the proposition of damages, it being shown that on account of the issuance and service of the writ of injunction the appellees were required to move their live stock to other grazing lands, as a consequence of which they were obliged to employ and pay for the labor of three additional men, and that they ex-

pended the sum of $500 in the payment of attorney's services necessarily rendered in the defense of said suit. The appellants introduced in evidence the memorandum opinion of the trial court rendered in the injunction suit, to show that the injunction had been sustained in part, as well as dissolved in part, and introduced other proof tending to show that $500 constituted an unreasonable fee for the services rendered in the injunction case for the appellees. The parties waived special findings of fact. In the judgment in this case the court found that the injunction "was dissolved as to the lands included in the public domain, on the 16th day of June, 1916," and that the same was wrongfully issued. It also found that the appellees were obliged to employ three additional men for a period of one month, at an expense to the appellees of the total sum of $75. It also found that appellees paid their attorney the sum of $500 for services rendered by him in the dissolution of said injunction.

Appellants' counsel argues three propositions, viz.: (1) That attorney's fees are not recoverable in cases where the injunction is sustained in part and dissolved in part; (2) that the judgment for damages on account of the employment of three additional men by appellees is incorrect, because there was no allegation in the complaint to sustain the admission of such evidence, and consequently a variance occurs; and (3) that attorney's fees are not recoverable where the injunction suit is an independent proceeding.

[1] The finding of the trial court in this case, as to the dissolution of the injunction, is to the effect that the injunction was dissolved as to the public land adjacent to the lands owned by the appellant Fambrough, and that the said injunction was wrongfully issued. The finding makes no mention of the lands owned by the appellant Fambrough and as to the effect of the injunction thereon. No proper exception was taken to the finding, and while, perhaps, no record evidence sustains it, it is conclusive on appeal. The argument of the appellants

on this proposition is based upon what they conceive to be the effect of the memorandum opinion of the trial court in the injunction case. Whatever the fact may have been, it is immaterial, because the court in the case at bar found that the injunction had been wrongfully issued, and that finding is conclusive on this appeal.

[2] That portion of the decree awarding $75 as damages to appellees is likewise conclusive here. No objection was made to the admission of the testimony tending to prove that fact, and, if a variance occurred, the appellants must be held to have waived it by their failure to call it to the attention of the trial court. As a matter of fact, it is raised here for the first time, and consequently is not properly before us. State v. Klasner, 19 N. M. 479, 482, 145 Pac. 679, Ann. Cas. 1917D, 824.

[3] The argument of counsel for appellants on the third and last proposition, viz.: that attorney's fees are not recoverable where the injunction case is an independent proceeding, is contrary to what was held in the case of Webb v. Beal, 20 N. M. 218, 223, 148 Pac. 487.

The judgment of the trial court will therefore be affirmed, and it is so ordered.

PARKER and ROBERTS, J.J., concur.