[No. 2415.    Sept. 3, 1920.]

MAZON ESTATE, Inc., v. CARR et al.

SYLLABUS BY THE COURT.

Attorney's fees as an element of damages in a suit on an injunction bond may be recovered, if they are necessarily incurred in procuring the dissolution of the injunction, and that is the sole relief sought by the action; but, if the injunction is only ancillary to the principal object of the action, and the liability for counsel fees is incurred in defending the action generally, the dissolution of the injunction being only incidental to that result, then such fees cannot be recovered.

Action on an injunction bond by the Mazon Estate, Incorporated, against Clark M. Carr and T. A. Godding, partners doing business under the firm name of Carr-Godding Sheep Company, and others. Judgment for defendants on a directed verdict, and plaintiff appeals. Affirmed.

MILTON J. HELMICK, of Albuquerque, for appellant.

Evidence shows attorney's fees were incurred in ancillary injunction proceeding. Webb v. Beal, 20 N. M. 218; Woods v. Fambrough, 24 N. M. 488; Wittich v. O'Neil, 22 Fla. 592; Hyatt v. Washington, 15 N. E. 248; 22 Cyc. 1053; Littleton v. Burgess, 91 Pac. 832; Ferrell v. Transportation Co., 157 Pac. 946; Anderson v. Trust Co., 66 Pac. 415.

The following cases all lay down the principle, for which appellant contends, that even though the injunction be ancillary, yet, attorney's fees are recoverable for at least the injunction portion of the cases: Swan v. Timmons, 81 Ind. 243; Robertson v. Smith, 129 Ind. 422, 28 N. E. 857; Hill v. Thomas, 19 S. C. 230; First Nat. Bank v. Hackett, 89 N. W. 412.

THOS. N. WILKINSON, of Albuquerque, for appellee.

Where the language of the bond is, as in this bond, "plaintiffs will pay to the defendants * * * all costs and damages as shall be awarded against the plaintiff," there can be no suit maintained upon the bond, until there has been awarded or assessed against the plaintiff. 17 Mo. 41, Corder vs. Martin, 3 Dono. 437.

There is no evidence showing the employment of Mr. Field as to the injuction portion of the case separate and apart from the services rendered upon the merits of the case, and there is no evidence given in the case wherein the services rendered as to the dissolving of the injunction if any were rendered are in any way separated, or distinguished from the services rendered upon the trial of the case upon its merits; and there is no evidence of any services rendered except such services as would have been necessary, and were given in the defending of the case upon its merits.

Liability for counsel fees upon the bond given to procure the same are limited to such as are paid or incurred in procuring the dissolution of the injunction.

Littleton v. Burgess, 16 L. R. A. N. S., p. 64, Sec. V; citing the decisions of II States.

The rule is that counsel fees earned in the general defence on the merits of the injunction action are not recoverable as damages upon the bond given to procure the injunction. Littleton v. Burgess, 26 L. A. R. N. S., p. 66, Sec. VII.

OPINION OF THE COURT.

ROBERTS, J.  This was an action on an injunction
bond against the principals and sureties thereon to re-
cover damages for expenses and attorneys' fees incurred
by the alleged wrongful suing out of the writ.  The court
directed a verdict for the defendants in the court below
(appellees here), which is assigned as error.  Several
grounds were set forth in the motion for a directed
verdict, and all will be omitted here except what we con-
ceive to be the controlling question in the case.

Clark M. Carr and T. F. Godding, partners doing
business under the name of Carr-Godding Sheep Com-
pany, sued the Mazon Estate, Incorporated, in the dis-
trict court of Valencia county for specific performance
of a contract to convey certain real estate and personal
property.  In the complaint it was set up that the Mazon
Estate, Incorporated, was disposing of the property and
failing to take proper care of it, and a receiver was asked,
and an injunction to prevent the Mazon Estate, Incor-
porated, from interfering with said property in any
manner.  A temporary restraining order was issued, and
the bond in suit here was executed in the sum of $2,000.
Later the Mazon Estate, Incorporated, appeared and
filed a demurrer to the complaint which challenged the
right of the plaintiffs in that suit to the principal re-
lief prayed, i. e., specific performance of the contract to
convey.  There was also a motion filed to strike out cer-
tain portions of the complaint.  The court sustained the
demurrer and dismissed the complaint and dissolved the
injunction.  The injunction there granted was only an-
cillary to the principal object of the action, and in the
present case the trial court held that in such a case the
attorneys's fee were not recoverable upon an injunction
bond.

In the case of Webb v. Beal, 20 N. M. 218, 148 Pac.
487, the rule was established in this jurisdiction that
counsel fees, paid for necessary services directed to pro-
curing the dissolution of an injunction, when reasonable
in amount, were recoverable as damages upon injunction

bonds. In that case the injunction was the sole object of the suit, and the court quoted with approval from the case of Wittich v. O'Neal, 22 Fla. 592. In the present case appellant contends that the Florida Supreme Court in that case held that counsel fees were recoverable when the injunction was ancillary to the main object of the suit, and from this he draws the inference that this court approves of that rule. Some courts do allow attorney's fees as an element of damages in such cases, and appellant cites the Florida case referred to, and Hyatt v. Washington, 20 Ind. 148, 50 N. E. 402, 67 Am. St. Rep. 248, and other similar cases.

The authorities are conflicting on the question, and this court is at liberty to adopt that rule which we conceive to be the most rational. This, as stated by High, is as follows:

"The true test with regard to the allowance of counsel fees as damages would seem to be that, if they are necessarily incurred in procuring the dissolution of the injunction, when that is the sole relief sought by the action, they may be recovered; but if the injunction is only ancillary to the principal object of the action, and the liability for counsel fees is incurred in defending the action generally, the dissolution of the injunction being only incidental to that result, then such fees cannot be recovered."

Many authorities are cited in support of this rule. This results in the affirmance of the case, and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.

SYLLABUS BY THE COURT.