[No. 2859.   June 14, 1926.]

## TATAVICH v. PETTINE et al.

[247 Pac. 840.]

### SYLLABUS BY THE COURT

1. Fees paid attorneys for services in bringing suit on an injunction bond are not a proper element of damages accruing by reason of the issuance of the injunction, and are not recoverable in such suit.

2. An expenditure for counsel fees, for services rendered distinctively in obtaining dissolution of a temporary injunction sued out ancillary to the principal relief sought, is recoverable as an element of damages in a suit on the injunction bond.

3. That the court lacked jurisdiction to grant a temporary injunction cannot be urged as a defense to the recovery of damages in a suit on the bond.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Kati Tatavich against Antimo Pettine and others on an injunction bond. From a judgment for plaintiff, defendants appeal. Modified, affirmed, and remanded, with directions.

George C. Taylor and George R. Craig, both of Albuquerque, for appellants.

Downer & Keleher, of Albuquerque, for appellee.

### OPINION OF THE COURT

WATSON, J.   By a proceeding instituted supplementary to, and two years after, final decree in a divorce suit, it was sought by one party to that suit to impress a trust upon certain property which had been awarded to the other party by said final decree. As ancillary to the main purpose of the proceeding, a temporary injunction was sought and obtained restraining disposition of the property until the further order of the court.   To obtain the injunction, a bond

[1] 32CJ p. 475 n. 95.   [2] 32CJ p. 472 n. 64; p. 474 n. 92.   [3] 32CJ p. 453 n. 30.

was given by the appellants (defendants) in the usual form.

The temporary injunction was dissolved upon motion of the appellee (plaintiff). The suit under review was on the bond, for damages sustained by reason of the wrongful issuance of temporary injunction. The court made these, among other, findings:

"V.   That, in order to defend against said injunction, the plaintiff employed Downer & Keleher, of Albuquerque, N. M., as and for her attorneys, and compensated them in the sum of $150 for services rendered by them in procuring the dissolution of said injunction.   That the services rendered by said attorneys were not incurred in defending the action generally, but were necessarily incurred in procuring the dissolution of the injunction; and that the dissolution of the injunction was the sole relief sought by the plaintiff Kati Tatavich, in said cause.   That no part of the services rendered by said attorneys was rendered on the merits of the case, all services rendered being connected with the matter of procuring the dissolution of the said injunction.

"VI.   That the defendant Antimo Pettine failed, neglected, and refused to reimburse the said plaintiff for the said sum of money so expended and laid out for and on account o' attorneys' fees, and that the said plaintiff was obliged to employ attorneys to file a suit against the said defendants and each of them 'or the purpose of enforcing the collection of said sum of $150, and became obligated to pay the said attorneys so employed to-wit. Downer & Keleher, for such purpose the sum of $100 for their services in enforcing the collection of said sum of $150."

The correctness of these findings is not here questioned, and upon them judgment was entered for appellee in the sum of $250.

[1]   Appellants first attack that part of the judgment based on finding VI.   Their position is stated thus:

"Allowance of attorneys' fees in suit on bond, as costs or otherwise, is without legal authority."

We think the objection is well taken.   For the inclusion of such an item as an element of damages under the bond, appellee has been able to cite no authority, but contents herself with the argument that—

"if the appellee is not alowed to recover the money paid

to counsel and enforce her claim for attorneys' fees, she is not being allowed the full amount she is entitled to under the contract specified in the bond."

It is, of course, true that any party whose lawful right is denied, and who is thus compelled to bring suit to enforce it, suffers an injury in being put to the expense of employing counsel. Such an injury was suffered here. However, in the absence of statute or contract, we know of no authority for considering such injury as actionable. See Dame v. Cochiti Reduction & Improvement Co., 13 N. M. 10, 79 P. 296; A. T. & S. F. Ry. Co. v. Citizens' Traction & Power Co., 16 N. M. 163, 113 P. 813.

[2] Appellants next attack that part of the judgment based on finding V. Their position is stated thus:

"In suit on injunction bond, attorneys' fees may not be recovered as element of damages unless injunction is the sole relief sought."

To this proposition they cite Mazon Estate, Inc., v. Carr et al., 26 N. M. 343, 192 P. 480. That decision is not to be so construed, although the expression therein regarding Wittich v. O'Neal, 22 Fla. 592, may be thought to give color to the contention. A reading of the statement of facts will show that the decision of the case did not necessarily involve the principle now urged. Further, the opinion adfopts the rule laid down in High on Injunctions, § 1686, as follows:

"The true test with regard to the allowance of counsel fees as damages would seem to be that, if they are necessarily incurred in procuring the dissolution of the injunction, when that is the sole relief sought by the action, they may be recovered; but, if the injunction is only ancillary to the principal object of the action, and the liability for counsel fees is incurred in defending the action generally, the dissolution of the injunction being only incidental to that result, then such fees cannot be recovered."

While the rule is perhaps not fortunately expressed, no one can read the context and conclude that High entertained any such views as counsel now urge. The principle in Mazon Estate v. Carr, supra, is that, where the temporary injunction is ancillary to the main pur-

pose of the suit, and is not dissolved under direct attack by motion, but falls because the complaint will not withstand demurrer, attorneys' fees cannot be allowed as damages.

The general rule among those states which, in any case, admit the inclusion of attorney's fees as damages is stated in Webb v. Beal, 20 N. M. 218, 148 P. 487:

"That counsel fees paid for necessary services directed to procuring the dissolution of the injunction, when reasonable in amount, were held to be recoverable as damages upon injunction bonds conditioned in the ordinary terms to pay such damages as the obligee may sustain by reason of the injunction, if the same be dissolved."

The rule has since been approved in Woods v. Farmbrough, 24 N. M. 488, 174 P. 996, and in Herbst v. Rogers, 26 N. M. 287, 191 P. 441.

We think counsel has misconceived the real distinction between cases in which injunction is the sole relief sought, and those in which the temporary injunction is merely ancillary to other and different relief sought. The principle is the same in both cases. It applies wherever a temporary injunction is granted. The bond is given to secure against damage resulting from the temporary injunction, which is the exercise of an extraordinary power, often on application ex parte, to interfer with property rights prior to the adjudication. The federal rule, adopted by a minority of the state courts, never allows attorneys' fees as damages. We rejected that rule because we considered it of paramount importance in the policy of the law to secure against possible abuses of this extraordinary power. But it is only to secure against damage resulting from the wrongful issuance of the temporary writ that the bond is required. Any damage resulting othrewise from the suit is not within the terms of the bond. Hence attorneys' fees, if allowed as damages, must be traced directly to the wrongful issuance of the writ. So, to make out a case, it is necessary to distinguish clearly between those services performed distinctively in obtaining a dissolution of the temporary injunction and

those performed generally in the suit.     That is re-
quired by our general rule, and by all the authorities.

"The cases generally hold, not only that the expense for
counsel fees must be proven and must be reasonable, but
must result from the injunction, and pertain to its disso-
lution."     Webb v. Beal, supra.

Where the sole purpose of the suit is to obtain a
permanent injunction, but a temporary writ is also
obtained, we have the same principle, but an excep-
tional situation.     To distinguish between those serv-
ices necessitated by the temporary injunction and those
necessitated in resisting and defeating the permanent
injunction is usually impracticable, if not impossible.
Often, if not always, the cause of action which will sup-
port one will sustain the other.     In such case, one can-
not move to dissolve the temporary injunction without
arguing grounds and performing services equally effi-
cacious to defeat the cause of action itself. Nor can one
successfully demur to the complaint without displacing
the foundations upon which the temporary injunction
rests.     In this situation, some courts have said that
attorneys' fees cannot be allowed at all, because the
services must be deemed rendered in "ridding the
defendant, not of the (temporary) injunction, but of
the suit itself (the threatened permanent injunction)."
Other courts have held that, even though the prelim-
inary injunction is not dissolved until final hearing
on the merits, the attorney' fees in the case are allow-
able, because they "are precisely the same as those
which would be rendered upon a motion to dissolve."
Thus some courts, confronted with the impracticability
of distinguishing the nature of the services rendered,
have solved the problem by disallowing attorneys.'
fees in toto.     Others have solved it by allowing them
in toto.     The former except such cases from the rule
of liability.     The latter except them from the rule of
distinction.     This court, considering the problem, and
remarking, "We can see but little difference in prin-
ciple between the two classes of cases," adopted the
rule supported, as High says, by a slight preponderance

of authority. Webb v. Beal, supra; Wood v. Farm-brough, supra; Herbst v. Rogers, supra. The rule allowing attorneys' fees in toto, where injunction is, the sole remedy sought, is therefore adopted by this court as an exception to the general rule limiting recovery of attorneys' fees to those distinctively necessitated to procure the dissolution of the temporary injunction. Counsel would have us reject the general rule, while adhering to the exception. The correctness of these principles is demonstrated, we think, by the authorities cited in Webb v. Beal, supra; particularly, the case note 16 L. R. A. (N. S.) 355.

Since finding V brings appellee squarely within the rule of liability applicable where the temporary injunction is ancillary, and since the correctness of the finding is not challenged, appellants' present contention must be overruled.

[5.] Appellants next urge that the trial court had lost jurisdiction of the subject-matter of the supplemental petition before the same was filed, was therefore without jurisdiction to issue the temporary injunction, which was hence void, and could have been ignored, and that no damages could, in law, result from such nullity. The authorities are nearly unanimous to the contrary, and the contention cannot be sustained. High on Injunctions, § 1652; Spelling on Injunctions, § 965; 32 C. J. "Injunctions," § 783; 14 R. C. L. "Injunctions," § 179.

For the error pointed out, the judgment should be modified by reduction to the sum of $150, and otherwise affirmed and the cause remanded, with direction to modify the judgment accordingly.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.