**PUBLISH**

UNITED STATES COURT OF APPEALS

**Filed 4/9/96**

FOR THE TENTH CIRCUIT

---

RICHARD D. LUEKER,

    Plaintiff - Appellee,

    and

CYNTHIA K. MORRIS, formerly known
as Cynthia K. Boyle,

    Plaintiff,

ROY W. BIDWELL, EILEEN
BIDWELL, A. ROLFE BLACK,
DOROTHY W. BLACK, VAUN T.
FLOYD, NORMAN C. BARNHART,
DONALD D. MARTIN, WILLA J.
MARTIN, DANIEL E. BOYLE, JR., and
PATRICIA A. BOYLE,

    Plaintiffs-Counter-Defendants,

    v.

FIRST NATIONAL BANK OF BOSTON
(Guernsey) LIMITED,

No. 95-2056

Defendant - Appellant,

and

SUNWEST BANK OF ALBUQUERQUE, N.A.; UNITED NEW MEXICO BANK; FIRST SECURITY BANK, N.A.,

Defendants-Counter-Claimants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-94-232-JC)

---

Clark Varnell (John M. Eaves and John G. Baugh with him on the briefs), Eaves, Bardacke & Baugh, P.A., Albuquerque, New Mexico, for Defendant - Appellant.

Bill Chappell, Jr. (Suzanne B. Kinney with him on the brief), Chappell & Barlow, P.A., Albuquerque, New Mexico, for Plaintiff - Appellee.

---

Before TACHA, McKAY, and JONES[*], Circuit Judges.

---

McKAY, Circuit Judge.

---

[*]The Honorable Nathaniel R. Jones, United States Court of Appeals for the Sixth Circuit, sitting by designation.

2

Defendant First National Bank of Boston (Guernsey) Limited (hereinafter "Guernsey") appeals from the district court's denial of its request for attorneys' fees. Guernsey sought attorneys' fees pursuant to New Mexico law for dissolution of a wrongfully obtained preliminary injunction. The district court refused this request, because it believed that Guernsey had engaged in inequitable conduct. We hold, however, that Guernsey is entitled to reasonable attorneys' fees. Thus, we reverse and remand for determination of a reasonable fee award.

This case has its genesis in Plaintiff Richard Lueker's attempt to force Lloyd's of London into litigation in a United States court. Mr. Lueker, a New Mexico resident, began his relationship with Lloyd's when he became a member of a Lloyd's insurance syndicate. In order to become a member, Lloyd's required Mr. Lueker to provide security from an approved source. Mr. Lueker obtained this security from Guernsey, a British bank, in the form of two letters of credit in favor of Lloyd's. In turn, Guernsey required security from Mr. Lueker. Mr. Lueker provided Guernsey with two back-up letters of credit issued on his account from Sunwest Bank of Albuquerque.

After several years, Mr. Lueker came to believe that Lloyd's had defrauded him. Mr. Lueker's agreement with Lloyd's prevented him, however, from suing Lloyd's in New Mexico. Rather, a forum selection clause mandated that Mr. Lueker could only

pursue legal action against Lloyd's in the British court system. In response to this dilemma, Mr. Lueker devised a scheme to force Lloyd's to sue him in New Mexico.[1] Mr. Lueker believed that if he could prevent Sunwest from honoring its letters of credit to Guernsey, Guernsey in turn would refuse to honor its letters of credit to Lloyd's. Thus, Lloyd's recourse would be to sue Mr. Lueker in his home state. One other problem existed: Mr. Lueker could not sue Guernsey in New Mexico because it was not subject to personal jurisdiction in that state.

Mr. Lueker attempted to solve this jurisdictional conundrum by suing Sunwest in New Mexico state court. Despite seeking in his complaint to enjoin Sunwest from honoring its letters of credit to Guernsey, Mr. Lueker did not name Guernsey as a party to the lawsuit. Additionally, Mr. Lueker did not allege in his complaint that Guernsey had committed any wrongdoing. Rather, he limited his allegations of wrongdoing to Lloyd's. Nevertheless, the state court entered a temporary restraining order against Sunwest, ordering the bank not to honor its letters of credit to Guernsey. The court later converted the TRO to a preliminary injunction.

---

[1]Mr. Lueker admitted to this strategy in his state court complaint requesting injunctive relief: "Enjoining Sunwest from disbursing under the Letters of Credit, will require Lloyd's to present any claims for payment from Plaintiff under its Membership Agreement in a court of competent jurisdiction in the United States . . . ." Appellant's App. at 213.

After the preliminary injunction was entered, Mr. Lueker amended his complaint to add Guernsey as a party-defendant. Guernsey then removed the case to federal district court and moved for dismissal. The district court subsequently dismissed the case based on lack of personal jurisdiction over Guernsey and based on Mr. Lueker's failure to join Lloyd's as an indispensable party. The court dissolved the injunction as "improvidently granted." Taking advantage of New Mexico law which allows recovery of attorneys' fees in favor of a party who successfully dissolves a wrongful preliminary injunction, Guernsey moved the district court for such an award. In response, Mr. Lueker argued that Guernsey could not obtain attorneys' fees because it was not a party against whom a preliminary injunction had been issued. In considering the motion, the district court simply assumed that Guernsey was a proper party for an award of attorneys' fees. The court denied the motion, however, because it believed that Guernsey had engaged in inequitable conduct by not intervening in the original state court proceedings. Guernsey appeals this decision. Thus, two issues are before us: (1) may Guernsey recover attorneys' fees although it was not the party enjoined?; and (2) did Guernsey engage in inequitable conduct when it did not intervene in the state court proceedings?

New Mexico generally does not allow a winning litigant to recover attorneys' fees. It recognizes an exception to this rule, however, where a party expends attorneys' fees in order to dissolve a wrongful injunction. Gregg v. Gardner, 388 P.2d 68, 77 (N.M. 1963).

5

Specifically, a party may recover only "where a resolution of the principal or underlying issues is in favor of the party enjoined and the injunction is found to be wrongful." Schultz v. Pascoe, 614 P.2d 1083 (N.M. 1980). Mr. Lueker asserts that Guernsey cannot avail itself of this rule because no injunction was ever entered against it. We disagree. First, although the injunction was entered originally against Sunwest, we point out that Guernsey was eventually made a party-defendant to Mr. Lueker's complaint requesting an injunction. Second, we note that Guernsey had standing to ask for the dissolution of the injunction. Under the circumstances of this case, we believe that a party with standing to dissolve a wrongful injunction may also recover attorneys' fees. New Mexico recognized the wrongful injunction exception to the general rule on attorneys' fees in order to prevent abuse of the court's extraordinary power to enter restraining orders and injunctions. Webb v. Beal, 247 P. 840, 842 (1926). If a party such as Guernsey were unable to avail itself of the attorneys' fees rule, the policy goals expressed by the New Mexico Supreme Court would be thwarted. We would be remiss if we allowed such a result through an overly technical application of the rule. Standing ensures that Guernsey's interests are sufficiently implicated to allow it to vindicate the policy concerns of New Mexico's attorneys' fees rule.

Mr. Lueker also asserts that the underlying issues in this case have been resolved against Guernsey. He cites to a case between Guernsey and Sunwest involving the

Sunwest letters of credit in which the district court ruled in favor of Sunwest. Again, Mr. Lueker's argument misses the mark. In Schultz v. Pascoe, 614 P.2d 1083, 1084 (N.M. 1980), the New Mexico Supreme Court required the underlying issues to be resolved in favor of the party seeking attorneys' fees. The court introduced this requirement to ascertain that the dissolved injunction was in fact wrongful. An injunction is wrongful where "'plaintiff had no just right either in the law or the facts to justify him in asking and obtaining'" such a remedy. Id. at 1084 (citation omitted). According to the court, if a plaintiff won on the underlying issues, then it could not be said that he had no right to ask for an injunction. It is clear, however, that the Schultz court only considered whether the injunction was wrongful as a substantive matter. In this case, Mr. Lueker had no right in law or fact, as a procedural matter, to ask for an injunction. Lloyd's was clearly an indispensable party, and Guernsey, added to the lawsuit after the preliminary injunction was issued, was not subject to personal jurisdiction. These two facts certainly came as no surprise to Mr. Lueker. He should have known that his lawsuit would fail for these reasons. Thus, the fact that Mr. Lueker may have been correct on the underlying substantive issues does not alter the fact that the injunction was wrongful as a procedural matter. Accordingly, we hold that Guernsey can invoke New Mexico's rule allowing the recovery of attorneys' fees for the dissolution of a wrongful injunction.

Finally, we address the issue whether Guernsey engaged in inequitable conduct

when it failed to intervene in the state court proceedings before it had been named as a party. Guernsey argues that, had it intervened, it would have subjected itself to personal jurisdiction.[2] This result, Guernsey argues, is exactly what Mr. Lueker intended. We agree with Guernsey that its decision not to intervene was not inequitable conduct in light of the circumstances of this case. By obtaining a wrongful injunction, Mr. Lueker hoped to force Guernsey and Lloyd's to litigate in New Mexico. Although Mr. Lueker is free to attempt to force Lloyd's to litigate in an American court, the fact remains that he furthered his machinations by abusing the court's power to issue injunctions. Thus, Guernsey acted reasonably when it refused to capitulate to Mr. Lueker's wrongful use of the injunction. We hold that the district court abused its discretion when it found that Guernsey acted inequitably. We remand to the district court for an award of reasonable attorneys' fees.

REVERSED and REMANDED.

---

[2]Under New Mexico law, a special appearance is made when counsel appears for the sole purpose of objecting to the jurisdiction of the court. New Mexico ex rel. Valles v. Brown, 639 P.2d 1181, 1185 (N.M. 1981). Failure to join an indispensable party, however, is not a jurisdictional defect. C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc., 811 P.2d 899, 900 (N.M. 1991). Thus, Guernsey would have subjected itself to personal jurisdiction had it sought to intervene and assert that Lloyd's was an indispensable party.

95-2056, Lueker v. First National Bank of Boston

TACHA, Circuit Judge, Dissenting


New Mexico law allows a winning litigant to recover attorneys' fees expended to dissolve a wrongful injunction only when that litigant is the "party enjoined." Schultz v. Pascoe, 614 P.2d 1083 1084-5 (N.M. 1980). The injunction at issue in this case was issued against Sunwest Bank of Albuquerque, not against defendant First National Bank of Boston (Guernsey) Limited ("Guernsey"). Under a plain reading of New Mexico law, then, Guernsey cannot recover attorneys' fees because it was not the party enjoined. The majority reasons that Guernsey may recover attorneys' fees because it was made a party-defendant to the action that gave rise to the injunction. Adding Guernsey to the complaint, however, merely made Guernsey a party, not the enjoined party. The majority also construes this interpretation of New Mexico law as an overly technical application of the rule at issue. But interpreting "party enjoined" as the enjoined party, as opposed to any party involved in the litigation, is not overly technical; it is instead a plain reading of New Mexico law. For that reason, I respectfully dissent.